[Civ. No. 3420. Third Appellate District.—March 20, 1928.]

J. & W. C. SHULL, INC. (a Corporation), Appellant, v.
MERCED IRRIGATION DISTRICT (a Corporation)
et al., Respondents.

Dennett & Zion for Appellant.

A. L. Cowell, Stephen W. Downey and Downey, Brand, Seymour & Dunn for Respondents.

PLUMMER, J.—The plaintiff as the owner of 1,260 acres of land situated within the Merced Irrigation District in the county of Merced, filed a petition with the board of directors of the Merced Irrigation District for the exclusion of said 1,260 acres of land from such irrigation district upon the ground that said land was not susceptible of irrigation from the source chosen or the system of irrigation adopted by said district, and, further, that the lands were not adapted to irrigation and would not be benefited thereby. The petition for exclusion filed by the plaintiff with the said irrigation district described all the lands included within the said 1,260 acres, by sections, quarter-sections, etc., but asked for the exclusion of the entire tract without specifying the particular section, quarter-section, or smaller tracts that would not be benefited by irrigation or that were not susceptible of irrigation. The theory upon which the petition was filed was that the entire tract should be excluded. Upon the hearing before the board of directors of the irrigation district the testimony disclosed the fact that at least 325 acres lying within the boundaries of the 1,260 acres were above the water level of the line of the canal belonging to the district running through the lands owned by the plaintiff. The maps filed upon said hearing exhibited to the trial court and presented to us for consideration show certain irregular tracts which, by considering the contour lines indicated thereon, may reasonably be found to lie above the

water-level of the canal, and, therefore, not susceptible of irrigation by the simple means of gravity at present provided by the district.

Upon the testimony taken before it, and also upon inspection made by the directors of the irrigation district, it was found by the directors of the irrigation district that the lands belonging to the plaintiff would be benefited by irrigation by their retention within the district, and that the interests of the district would be best subserved by retaining said lands within the exterior boundaries thereof.

In this proceeding the plaintiff prayed for a writ of mandate from the trial court, directing the board of directors of the irrigation district to enter an order excluding the lands owned by the plaintiff. Upon the hearing in the trial court the findings of the board of directors of the irrigation district were sustained and the writ of mandate was denied. The matter is before us upon appeal from the order of the trial court denying such writ.

In presenting its cause to this court the plaintiff has apparently taken the position that this court has the same right to pass upon the evidence introduced before the board of directors of the Merced Irrigation District and the same powers in relation thereto as the law vests in the board of directors. This position is not tenable. The law is well established that a writ of mandate cannot be made to serve the purpose of a writ of error. In this proceeding we have only to consider the questions of law, not questions of fact. The limitation upon a court of appeal in such a proceeding as this is well stated in volume 26 California Jurisprudence, page 360, section 573, as follows: "The inclusion of lands within an irrigation district constitutes a determination by the board of supervisors that such lands will be benefited by the proposed irrigation. Since the question of benefits is one of fact, a finding with reference thereto, if supported by any competent evidence, is conclusive though erroneous, and it is not constitutionally necessary that a right to a rehearing or an appeal should be given. However, if a finding is based upon no evidence, or is contrary to all the evidence before the board, it is subject to review in the same way as a decision upon any other fact of a jurisdictional nature. Where the legislature itself fixed the boundaries of a district, all land therein is presumptively

benefited, and the legislative determination is final, unless such conclusion is contrary to any rational view of the facts and the lands included 'plainly could not by any fair or proper view of the facts be benefited.'" The case of *Inglin* v. *Hoppin,* 156 Cal. 483 [105 Pac. 583], and *Harelson* v. *South San Joaquin Irrigation District,* 20 Cal. App. 324 [128 Pac. 1010], also set forth the limits of the power to be exercised by a court of appeal. ▮ Where the board of directors of an irrigation district have found the facts, and then misapply the law, this error may be corrected by the courts, but where the board of directors, upon conflicting testimony, has found the facts, such finding is final and courts of appeal are bound thereby. ▮ The finding of the board of directors of the irrigation district is to the effect that the 1,260-acre tract of land belonging to the plaintiff will be benefited by the irrigation system about to be established by the defendant. As we have hereinbefore stated, certain irregular portions thereof lie above the water-level of the proposed canals. These particular tracts are not designated by any of the ordinary legal subdivisions of land, but are scattered about over the entire tract, and it is upon this testimony it is claimed that 325 acres of said 1,260-acre tract should be excluded. Under such circumstances we do not very well see how it is incumbent upon the board of directors of the irrigation district to exclude, by demarcation or any other method, such irregular tracts, even if it be assumed that such irregular tracts, by reason of their elevation to the canal level, were not subject to irrigation by gravity. Without citing the authorities as to what lands may be included within an irrigation district, it is sufficient to quote from volume 26 California Jurisprudence, page 367, section 583, as follows: "All lands which in their natural state would be benefited by irrigation, and are susceptible of irrigation from a common source and by the same system of works, including pumping from subsurface or other waters, may be included in an irrigation district. It has been said that the amount of benefit must be substantial and is not limited to the creation of an opportunity to use the land in question for a new kind of crop, while not substantially benefiting it for the cultivation of the old kind, which it produced in reasonable quantities and with ordinary certainty and success without the aid of artificial

irrigation. In other words, although land may be used without irrigation, if by the use of artificial irrigation it will be made available for other and more remunerative uses and will also be improved with respect to its original use, it may be included in a district. Indeed, land may be included even though it is only incidentally or indirectly benefited, as where it shares in the general increase of land values owing to the improvements in the vicinity. It is not the duty of the supervisors to exclude by demarcation every minute tract of land that happens to be covered by a building or other structure which unfits it for cultivation. 'The board may include in the boundaries of a district all lands which in their natural state would be benefited by irrigation by one system, regardless of the fact that buildings or other structures may have been erected here and there upon small lots, which are thereby rendered unfit for cultivation at the same time that their value for other purposes may have been greatly enhanced.' ''

In the leading case of *Board of Directors* v. *Trega*, 88 Cal. 334 [26 Pac. 237], the question of benefits is considered, and it is there held that it is not necessary to exclude every small tract of land from a larger area that may not be directly benefited by the system of irrigation provided. Indirect benefits may be sufficient to justify the inclusion of the lands within the district. Likewise, in the case of *Los Angeles County Flood Control District* v. *Hamilton,* 177 Cal. 119 [169 Pac. 1028], the court, in considering whether a tract of land would be benefited by being included within the district, and answering the argument that the particular tract of land involved was not subject to overflow, said: ''To say, therefore, that any given parcel or tract of land is not directly subject to overflow is not to say that it cannot be benefited by the carrying out of the proposed plan.'' And then, with reference to the Trega case, uses the following words: ''Thus, an incorporated city may be embraced within the boundaries of an irrigation district, although much of the land in the city does not require and could not use irrigation'' (citing a number of authorities). And then, further: ''Similarly, in other jurisdictions it has been held that the inclusion in a drainage district of high lands not subject to inundation does not conclusively show a lack of benefit to such lands'' (citing a number of cases). And then

further says: ''An examination of these cases will show that the courts have regarded an incidental or indirect benefit as sufficient to justify the imposition of a part of the burden of the improvement. Such indirect benefit may result from the improvement of neighboring and surrounding land, and the consequent increase in the value of all the land within the district.'' (See cases cited on page 126 of *Los Angeles County F. C. District* v. *Hamilton, supra.*)

█ The evidence is conflicting as to the susceptibility of the successful irrigation of the 935 acres lying below the level of the canal. A portion of the testimony would lead to the conclusion that such land could never be profitably irrigated, but there is testimony to the contrary, and that being the case, we have nothing to do with the question of fact relating to the susceptibility of the irrigation of said lands. As to the other portions of the tract the testimony shows that most of it lies approximately 20 feet above the level of the canal running through the lands owned by the plaintiff. As to this portion, there is considerable testimony to the effect that it would be benefited by irrigation, and that it can be irrigated by installing a pumping plant and lifting the water that distance. The testimony in the record shows that this method of taking water from the canals owned by the district is quite commonly practiced in the vicinity of Livingston and Atwater. The pumping plants appear to be owned and operated by the land owners and not by the district. █ In this particular it is urged by the appellant that if it is compelled to install a pumping plant to take water from the defendants' canals, that it would be obtaining water from another source and system than that furnished by the defendants, and, therefore, under the provisions of section 78 of the Irrigation District Act, such lands should be excluded. The taking of such water from the canals belonging to the defendants would certainly be taking water from the source supplied by the district, if not technically, by the same system. In this particular it may be stated that there is no showing in the record that the district has provided for the construction of service ditches and that the expense of the construction of service ditches or making provision for the use of water furnished by the district rests upon all the land owners alike. Again, it must be remembered that the burden and expense of lifting water from the canal to the

higher lands belonging to the plaintiff would constitute a valid reason for a lower assessment upon such lands. The law provides for an equitable means of assessment whereby all these matters may be taken into consideration, to the intent and purpose that all the lands within the district shall bear its ratable proportion of the burdens of the district. The mere fact that certain irregular portions cannot be irrigated by gravity does not establish any reason for disturbing the finding of the board of directors of the district that all the lands belonging to the plaintiff will be benefited by retaining them within the boundaries of the district.

We have not set forth the testimony in this case in detail because it is conflicting and also because of the fact that the lands and premises were inspected by the board of directors of the irrigation district and upon the testimony and the fact of physicial observation determined that the lands would be benefited by their retention. Under such circumstances we think the conclusion of the board as to the facts binding upon the courts.

The judgment denying a writ of mandate is affirmed.

Hart, Acting P. J., and Bartlett, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 17, 1928.