HJALMER ODDEN, Respondent, v. COUNTY FOREST-
ERS, FIREWARDENS AND COUNTY FIRE PRO-
TECTION DISTRICT FIREMEN'S RETIREMENT
BOARD OF LOS ANGELES COUNTY et al., Ap-
pellants.

Harold W. Kennedy, County Counsel, and Edward H.
Gaylord, Deputy County Counsel, for Appellants.

Charles A. Son and John W. Hill for Respondent.

McCOMB, J.—From a judgment of the trial court directing appellant, the County Foresters, Firewardens and County Fire Protection District Firemen's Retirement Board, hereinafter referred to as the board, to pay a retirement allowance to petitioner, a former county fireman, the board appeals.

*Facts*: Petitioner, a member of a county fire service retirement system, alleged that he was incapacitated by "service connected disability" for the performance of his duty as a county fireman as a result of heart trouble occurring in and arising out of the course of his employment. The claim that petitioner's heart trouble resulted from his employment was denied by the board. Thereafter petitioner sought a writ of mandate from the superior court directing the board to pay him a retirement allowance.

█ *Questions*: First: *Was there substantial evidence to sustain the board's finding that petitioner's heart trouble did not result from his employment?*

*Yes.* █ On an application for a writ of mandate to review an order of a local quasi-judicial body such as the board in the present case the trial court does not have a right to judge of the intrinsic value of evidence nor to weigh it. The power of the court is confined to determining whether there was substantial evidence before the board to support its findings. (*Nishkian* v. *City of Long Beach,* 103 Cal.App.2d 749, 751 [230 P.2d 156]; *Cantrell* v. *Board of Supervisors,* 87 Cal.App.2d 471, 475 [197 P.2d 218].)

█ In the present case three doctors stated that petitioner's heart trouble was not service connected. It is true that two of them had previously expressed the opinion that defendant's heart trouble was service connected but upon its being brought to their attention that petitioner had been suspended because of intoxication they withdrew their opinion that petitioner's heart condition arose from the performance of his duties and expressed the view that it did not arise therefrom.

The most that can be said for such testimony is that it raised a conflict in the evidence whose determination was for the trier of fact, which, being supported by the evidence, was binding upon the superior court.

█ Second: *Was there substantial evidence to overcome the presumption of section 32353 of the Government Code, "If a member who has served 15 years or more develops*

*heart trouble, it shall be presumed, in the absence of evidence to the contrary, in any proceeding under this chapter by the board and by the court, that such heart trouble is an injury or disease occurring in and arising out of his employment?"*

*Yes.* ▮ In rebuttal of a presumption it is not necessary to produce preponderant evidence to overcome it. A presumption is overcome if sufficient evidence is introduced to balance the presumption. (*Anderson* v. *Southern Pac. Co.* 129 Cal.App. 206, 213 [18 P.2d 703] ; *Estate of Eakle,* 33 Cal.App.2d 379, 387 [91 P.2d 954].)

▮ In the instant case there was substantial evidence introduced before the board that petitioner had been discharged for repeated drunkenness, and that the doctors had examined petitioner. This evidence was sufficient to overcome the presumption of the above mentioned code section that petitioner's disability was service connected.

The judgment is reversed with directions to the trial court to enter a judgment denying petitioner's application for a writ of mandate.

Moore, P. J., concurred.

A petition for a rehearing was denied December 26, 1951, and respondent's petition for a hearing by the Supreme Court was denied January 31, 1952.

[Crim. No. 4710. Second Dist., Div. Two. Dec. 6, 1951.]