[Civ. No. 8449. Third Dist. Oct. 7, 1954.]

MILFRED ARDELL HOBE et al., Appellants, v. MADERA
IRRIGATION DISTRICT et al., Respondents.

Chester R. Andrews for Appellants.

David E. Peckinpah, Denver C. Peckinpah, Harold M. Child and L. N. Barber for Respondents.

SCHOTTKY, J.—Appellants petitioned the board of directors of the Madera Irrigation District to have their lands excluded from the district on the ground that they received no substantial benefit from the operations of the district and that it would be to the best interests of the district if they were excluded. Following a hearing the board found that the land of petitioners would be benefited by the operations of the district, that it was not for the best interests of the district to exclude the land, and denied the petition for exclusion. Thereafter appellants filed a petition for a writ of mandate and this appeal is from the judgment of the superior court denying said petition.

Appellants' first and principal contention is that the evidence before the board of directors of respondent district showed without contradiction that their lands will not be

substantially benefited by the operations of the district, and that it was therefore an abuse of discretion on the part of the board to deny their petitions for exclusion.

Appellants quote the following portions of section 1094.5 of the Code of Civil Procedure as setting forth the rules governing the superior court in considering a petition for exclusion:

"(a) . . . , the case shall be heard by the Court sitting without a jury. . . .

"(b) The inquiry in such a case shall extend to the questions . . . whether there was any prejudicial abuse of discretion. Abuse of discretion is established if . . . the order or decision is not supported by the findings, or the findings are not supported by the evidence.

"(c) Where it is claimed that the findings are not supported by the evidence, . . . abuse of discretion is established if the court determines that the findings are not supported by substantial evidence in the light of the whole record.

. . . . . . . . . . . . . .

"(e) The court shall enter judgment either commanding respondent to set aside the order or decision, or denying the writ. . . ."

Sections 26728 and 26729 of the Water Code, which relate to the hearing of petitions for exclusion, provide in part as follows:

Section 26728. *Order denying petition.* "Upon the hearing of an exclusion petition the board shall order that the petition be denied:

"(a) Entirely when no evidence in support of the petition is introduced.

"(b) As to any land described in the petition as to which the evidence introduced fails to sustain the petition.

"(c) As to any land described in the petition which the board deems it not for the best interests of the district to exclude except when the board judges that the land will not be benefited by the operations of the district."

Section 26729. *Order excluding land.* "The board after the hearing of any exclusion petition shall order the exclusion of all or any part of the land described in it when as to the land to be excluded either:

"(a) The board judges that the land will not be benefited by the operations of the district.

"(b) The board deems the exclusion to be for the best interest of the district. . . ."

■ In the case of *J. & W. C. Shull, Inc.* v. *Merced Irr. Dist.*, 90 Cal.App. 270 [265 P. 965], a case in which a landowner sought to have the board of directors of an irrigation district exclude certain land from said district, this court said at pages 272-274:

". . . The law is well established that a writ of mandate cannot be made to serve the purpose of a writ of error. ■ In this proceeding we have only to consider the questions of law, not questions of fact. ■ The limitation upon a court of appeal in such a proceeding as this is well stated in volume 26 California Jurisprudence, page 360, section 573, as follows: 'The inclusion of lands within an irrigation district constitutes a determination by the board of supervisors that such lands will be benefited by the proposed irrigation. Since the question of benefits is one of fact, a finding with reference thereto, if supported by any competent evidence, is conclusive though erroneous, and it is not constitutionally necessary that a right to a rehearing or an appeal should be given. However, if a finding is based upon no evidence, or is contrary to all the evidence before the board, it is subject to review in the same way as a decision upon any other fact of a jurisdictional nature. Where the legislature itself fixed the boundaries of a district, all land therein is presumptively benefited, and the legislative determination is final, unless such conclusion is contrary to any rational view of the facts and the lands included "plainly could not by any fair or proper view of the facts be benefited." ' The cases of *Inglin* v. *Hoppin*, 156 Cal. 483 [105 P. 582], and *Harelson* v. *South San Joaquin Irr. Dist.*, 20 Cal.App. 324 [128 P. 1010], also set forth the limits of the power to be exercised by a court of appeal. ■ Where the board of directors of an irrigation district have found the facts, and then misapply the law, this error may be corrected by the courts, but where the board of directors, upon conflicting testimony, has found the facts, such finding is final and courts of appeal are bound thereby. . . . ■ Without citing the authorities as to what lands may be included within an irrigation district, it is sufficient to quote from volume 26 California Jurisprudence, page 367, section 583, as follows: 'All lands which in their natural state would be benefited by irrigation, and are susceptible of irrigation from a common source and by the same system of works, including pumping from subsurface or other waters, may be included in an irrigation district. It has been said that the amount of benefit must

be substantial and is not limited to the creation of an opportunity to use the land in question for a new kind of crop, while not substantially benefiting it for the cultivation of the old kind, which it produced in reasonable quantities and with ordinary certainty and success without the aid of artificial irrigation. In other words, although land may be used without irrigation, if by the use of artificial irrigation it will be made available for other and more remunerative uses and will also be improved with respect to its original use, it may be included in a district. Indeed, land may be included even though it is only incidentally or indirectly benefited, as where it shares in the general increase of land values owing to the improvements in the vicinity.''

And in the case of *Los Angeles County Flood Control Dist.* v. *Hamilton,* 177 Cal. 119, the court said at page 126 [169 P. 1028]:

''. . . Even if the scope of the act were much narrower than it is, we should, under the decisions, be required to hold that the benefit which would justify the inclusion of land within the district need not be so direct and immediate as is assumed in the argument of counsel opposing the validity of the act. . . . [Citing cases.] . . . An examination of these cases will show that the courts have regarded an incidental or indirect benefit as sufficient to justify the imposition of a part of the burden of the improvement. Such indirect benefit may result from the improvement of neighboring and surrounding land, and the consequent increase in the value of all land within the district.''

The Madera Irrigation District was organized in 1920 and the lands now owned by appellants and which they seek to have excluded from the district were included in the district as formed. The location of said lands are shown in the diagram on the following page.

It will be noted that the lands of appellants are adjacent to the San Joaquin River. According to the testimony of Harry Barnes, former engineer of the Madera Irrigation District, a witness called by appellants, there was very little pumping of water for irrigation in that portion of the district when the district was organized and the flow of the underground water in the general area was from the northeast to the southwest, toward the San Joaquin River. He testified further that as there came to be more and more pumping on lands farther away from the river the underground water level was lowered, and the fall of the water table being less

in land closer to the river than in the land farther away from it, the slope of the underground water table is now away from the river. The witness went on to state that the bringing in of surface water in sufficient quantity would bring back the conditions to what they were in 1921. The following then appears in the testimony of the witness:

"Q. Mr. Barnes, do you believe from your investigation that the petitioners involved here will obtain or do obtain absolutely no benefit from the Madera Irrigation District? A. I didn't say that.

"Q. I asked you if you believe so? A. I believe they may possibly get a very minor benefit in the form or shape of a minor rising in their ground water, but not to exceed six feet."

Appellant Hobe testified that the cost of pumping water on his land was and would be approximately $2.00 an acre foot and that the cost under the proposed operations of the district would be at $3.76 per acre foot and probably nearer $5.76 per acre foot. Respondent states that it cannot yet be determined just what the cost of water from the district may be. However, even if it be conceded that water from the system of the district would cost appellants more than it is now costing them to irrigate their land by their pumping operations, it does not follow that the lands of appellants will not be benefited by the operations of the district.

The respondent directors of the district were fully justified in concluding that the bringing into the district of a large amount of water for surface irrigation, which water would be available for the surface irrigation of appellants' lands and the lands contiguous thereto, will be a benefit to the lands of appellants. It must be borne in mind that the lowering of the underground water table in all pumping areas in California has been one of the reasons for the formation of irrigation districts and that it was one of the reasons for the organization of the Madera Irrigation District. The bringing in of surface irrigation water to such an area will inevitably result in replenishing the underground reservoir and this cannot fail to be a benefit to all land above said reservoir. The district acquired certain water rights on the San Joaquin River with the intention of constructing a dam and bringing water into the district for irrigation. These water rights were transferred to the United States by an agreement under which the United States was to build the Friant Dam and construct certain irrigation works and was to

sell to the district a quantity of water for "agricultural purposes, including, but not restricted to the watering of stock, or underground water replenishment." This contract was entered into for all of the land within the district, and it is difficult to understand how any land within the district that is susceptible of irrigation could fail to be benefited by the bringing into the district of the water provided for by said contract.

Appellants argue that no benefit can come to them because of the difference in the ground water level under their property and the level under the other district lands to the north. They base this contention in part upon the testimony that at the present time the underground flow of water is from the San Joaquin River to the district lands to the north. They argue that because of their proximity to the river they do not need and will not be benefited by any water brought in by the operations of the district even though at some time in the future the flow of the underground water would be from the district lands to the river. However, it is apparent from the map that appellants' lands are contiguous to other lands of the district, and as to appellant Hobe's land in section 10, it is surrounded by other district lands.

The sections of the Water Code hereinbefore set forth provide that a landowner is only entitled to have his land excluded from the district if the board of directors "judges that the land will not be benefited by the operations of the district." The determination of the question of benefit is for the board, not the landowners, and unless there is no evidence to support their conclusion, it cannot be overruled by the courts. As was said in *Board of Directors* v. *Tregea*, 88 Cal. 334, at page 353 [26 P. 237]: "As to what is or is not a proper case for such inclusion, the decision of that question has been committed to the several boards of supervisors, whose discretion is not subject to the control of any court. Upon matters affecting their jurisdiction, the orders of the board of supervisors may be open to review, but upon the question of fact as to what lands will or will not be benefited by irrigation, their decision is final and conclusive."

The cases of *Inglin* v. *Hoppin*, 156 Cal. 483 [105 P. 582], and *Harelson* v. *South San Joaquin Irr. Dist.*, 20 Cal.App. 324 [128 P. 1010], so strongly relied upon by appellants, neither compel nor justify a different conclusion.

In *Inglin* v. *Hoppin* there was an application for a writ of mandate directing the board of supervisors of Yolo County

to set aside an order denying the petition of plaintiffs to have certain lands situated in Reclamation District No. 730 in Yolo County set off and erected into an independent district, and to enter an order granting the petition. The superior court sustained a general demurrer to the petition for writ of mandate and upon appeal the Supreme Court reversed the judgment entered upon the order sustaining said demurrer. The Supreme Court held that inasmuch as the petition alleged that the petitioners therein had taken all the steps and proceedings required by sections 3446, 3472, 3481, et seq., of the Political Code, and upon the hearing of their petition had established all the facts required by law by uncontradicted material, sufficient and competent evidence, they were entitled to have said petition heard by the superior court upon its merits.

In *Harelson* v. *South San Joaquin Irr. Dist., supra,* a landowner sought to have his land excluded from the irrigation district and following the denial of his petition by the board of directors of the district he filed a petition for mandamus in the superior court. At the hearing before the board it appeared that the landowner had irrigated his land exclusively by pumps established on his land prior to the organization of the district, and the board of directors found that the petitioner's pumping plant was adequate for the irrigation of petitioner's land and that the irrigation of his land by said pumping system was practicable, but the board also found that said pumping plant did not constitute a source or system as contemplated by section 78 of the California Irrigation District Act. The superior court held that the board of directors of the irrigation district had no discretion to apply in retaining the petitioner's land within the district, and that the lands were entitled to exclusion because the petitioner had used the pumps prior to the organization of the district and was thereby getting his water from another source. Upon appeal this court held that the board of directors had incorrectly applied the law to the facts found by them, and pointed to the provision which was then in section 78 of the California Irrigation District Act which provided among other things that it was the duty of the board to exclude from the district lands which were already irrigated or entitled to be irrigated by another source or from another source of irrigation works. It should be noted, however, that this provision of the Irrigation Act upon which the court relied in

*Harelson* v. *South San Joaquin Irr. Dist.* was removed from the act by the Legislature in 1931.

No contention is made that the lands of appellants were not susceptible of irrigation from the proposed operations of the district at the time of its organization or that they are not now susceptible of irrigation therefrom. It cannot be doubted that the water table under appellants' lands will be raised by the bringing in of water by the district and the irrigation of other lands in the vicinity and that this will be a benefit to lands of appellants. The fact that due to the pumping of underground water by appellants and other landowners since the formation of the district the present underground flow of water is from the river to the district lands to the north, and appellants may be able to pump their water at a lower cost than if they received it from the district, does not compel a finding that their lands will not be benefited by the operations of the district. The question of benefit was for the board to decide and we are satisfied that there is ample support in the record for the respondent board's conclusion that the lands of appellants would be benefited by the operations of the district and that it was not for the best interests of the district to exclude their land. It follows that the trial court correctly determined that the board did not abuse its discretion in denying the petition for exclusion.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 3, 1954.