[L. A. No. 24184.   In Bank.   Oct. 11, 1956.]

ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY (a Corporation), Respondent, v. KINGS COUNTY WATER DISTRICT et al., Appellants.

Walch & Griswold for Appellants.

Robert W. Walker, John J. Balluff, Sidney J. W. Sharp, Herbert M. Braden and Lawrence W. Clawson for Respondent.

George H. Johnston, Willard S. Johnston and Johnston & Johnston as Amici Curiae on behalf of Respondent.

SPENCE, J.—This is an appeal from a judgment ordering the issuance of a peremptory writ of mandate requiring the board of directors of the Kings County Water District to

exclude therefrom certain property constituting a right-of-way owned by the Atchison, Topeka and Santa Fe Railway Company. The board, following an extended hearing, had denied Santa Fe's petition for exclusion of the property. ■ While mandamus is an appropriate remedy to test the proper exercise of discretion vested in a local board (*Walker* v. *City of San Gabriel,* 20 Cal.2d 879, 881 [129 P.2d 349, 142 A.L.R. 1383]; *Naughton* v. *Retirement Board of San Francisco,* 43 Cal.App. 2d 254, 257 [110 P.2d 714]), the court's power of review is confined to determining whether there was substantial evidence before the board to support its decision. (Code Civ. Proc., § 1094.5, subd. (c); *Lindell Co.* v. *Board of Permit Appeals,* 23 Cal.2d 303, 315 [144 P.2d 4]; *Odden* v. *County Foresters etc. Board,* 108 Cal.App.2d 48, 49 [238 P.2d 23]; *Conroy* v. *Civil Service Com.,* 75 Cal.App.2d 450, 457 [171 P.2d 500].) Under this settled rule, we have concluded that the judgment of the trial court must be reversed.

The Kings County Water District was organized February 24, 1954, under the County Water District Law. (Wat. Code, §§ 30000-33901). It comprises approximately 150,000 acres. It was organized primarily to protect the underground water supplies of the area from excessive pumping and to guard against the transportation of the underground water to areas outside the district. Its purposes and functioning generally have been in accordance with the aims and methods approved by law for such an organization. (*Coachella Valley County Water Dist.* v. *Stevens,* 206 Cal. 400 [274 P. 538]; Wat. Code, §§ 31020-31033.)

The right-of-way owned by Santa Fe runs through the water district. It is approximately 16½ miles long and 100 feet wide. A center strip, 30 feet wide, contains the track and roadbed proper, and on each side are strips 35 feet wide, which are more or less adaptable for agricultural purposes. Pursuant to section 32200 of the Water Code, Santa Fe petitioned the board of directors of the district for exclusion of the entire 100-foot strip. Section 32222 of said code provides for exclusion of land when the board determines, after hearing, either: "(a) . . . that the land will not be substantially and directly benefited by its continued inclusion in the district"; or "(b) . . . the exclusion to be for the best interests of the district." The board held an extended hearing and then denied the petition. Santa Fe thereafter successfully sought from the superior court a writ of mandate

directing the board to exclude the 100-foot strip right-of-way from the district. The record of the testimony and proceedings at the hearing before the board was introduced in evidence and constituted the record before the trial court.

■ There were no formal findings of fact by the board in connection with its order denying exclusion of Santa Fe's right-of-way. They are not specifically required when exclusion is denied (Wat. Code, §§ 32220-32227; *cf.* the requirement for findings in proceedings for the subsequent inclusion of added land to an existing county water district, Wat. Code, § 32447), but they would be helpful as an explicit record of the determination of facts by that body. ■ However, the board's decision denying the petition to exclude Santa Fe's land carried with it the implied finding that the prerequisites for exclusion had not been shown; that rather, as contemplated by the statute, Santa Fe's land would be "substantially and directly benefited" by its continued inclusion in the district.

The controlling question is whether this implied finding of the board is "supported by substantial evidence in the light of the whole record." (Code Civ. Proc., § 1094.5, subd. (c); *Corcoran* v. *San Francisco etc. Retirement System*, 114 Cal.App.2d 738, 740-741 [251 P.2d 59].) The determinative language is the statute's requirement that the land in controversy be "substantially and directly benefited." (Wat. Code, § 32222.) ■ "Substantially" means "in a substantial manner; really, solidly; competently." (Words and Phrases, perm. ed., vol. 40, p. 504.) Webster's New International Dictionary, second edition, defines the word "substantial," in part, as follows: ". . . material; . . . not seeming or imaginary; . . . real; true; . . . important; essential; . . . having good substance; strong; stout; solid; firm." ■ "Substantial" is a relative term, its measure to be gauged by all the circumstances surrounding the matter in reference to which the expression has been used. (*In re Scroggin*, 103 Cal.App.2d 281, 283 [229 P.2d 489].) ■ "Directly" means "in a direct way, without anything intervening; not by secondary, but by direct, means." (Words and Phrases, perm. ed., vol. 12A, p. 141. ■ The word "benefit" denotes "any form of advantage." (Words and Phrases, perm. ed., vol. 5, p. 331.)

■ The substantial and direct benefit which must be present to justify retention of land in a county water district means substantial and direct benefit to the land in question. Benefits which might accrue to a railroad through added

freight revenues resulting from increased crop production and prosperous agricultural operations in a farming community occasioned by the conservation of water would be indirect benefits and therefore immaterial.

As the basis for exclusion of its 100-foot right-of-way, Santa Fe argues as follows: The 30-foot center strip constitutes a roadbed, so dedicated in line with the performance of its duties as a common carrier, and the presence of underground waters would not provide any direct or substantial benefit to maintenance of such structure. On either side of the roadbed is a 35-foot strip, available in varying degrees for agricultural development. Certain portions thereof are leased for cultivation and some crops are actually growing thereon. However, such farm leasing by Santa Fe is not done with the object of gaining revenue, as only nominal amounts are received therefrom, but rather for the purpose of avoiding the otherwise costly process of destroying weeds which would grow annually on the 35-foot strips in the absence of cultivation and care by tenant farmers. Thus, the agricultural use of any portion of these strips is primarily for weed control and is purely incidental to Santa Fe's main purpose of maintaining its right-of-way.

Agreeing with Santa Fe's position, the trial court found that the entire right-of-way is "permanently devoted to other uses than agriculture, horticulture, viticulture or grazing," and accordingly "will receive neither a substantial nor direct benefit by its continued inclusion in the district"; that "the evidence adduced at the hearing before the . . . board" showed these facts "as a matter of law"; and therefore Santa Fe's right to have such land excluded from the district could not be denied. (*Bank of Italy* v. *Johnson*, 200 Cal. 1, 31 [251 P. 784]; *Ferrill* v. *Ellis*, 50 Cal.App.2d 743, 746 [123 P.2d 857].)

But it is not the present, immediate use of the land which is the criterion for exclusion under the statute. The determining factor is whether any substantial and direct benefit accrues to the land itself, as distinguished from the particular use which a landowner may choose to make of the land. The record shows that shortly after its formation, the Kings County Water District obtained a court decree settling various disputes affecting the district's underground water supplies and pumping therefrom; that the district engages in studies and research as to the water needs of lands therein and possible future sources of supply; and

that successful agricultural development of land in the district is dependent on the supplementary underground waters for purposes of irrigation. These functions of the district, acting on behalf of all landowners in the district, are of substantial and direct benefit to all land similarly situated within the district.

The protection, conservation and replenishment of the underground water supplies is one of the main functions of the water district in question. (Wat. Code, § 31082.) This is not a case involving an irrigation district, where the right to exclusion of the land formerly depended on whether the land was being furnished water for irrigation purposes by the district. (*Harelson* v. *South San Joaquin Irr. Dist.*, 20 Cal.App. 324 [128 P. 1010]; but see *Hobe* v. *Madera Irrigation Dist.*, 128 Cal.App.2d 9 [274 P.2d 874].) A county water district has other functions and powers than the furnishing of water to any particular land. The controlling statute expressly so distinguishes a county water district in providing that no land therein situated shall be released from "any of the burdens, obligations or liabilities" of such district "because of its inclusion within an irrigation district." (Wat. Code, § 30092.) Thus, the fact that Santa Fe has no water wells on the land in question, does not now intend to drill any thereon because of the land's use as a right-of-way, and is not presently devoting the land to agricultural uses is immaterial insofar as concerns its obligations as a landowner in the county water district, whose authorized functions, activities, and operations are "substantially and directly" benefiting Santa Fe's land in protecting the underground water rights of the entire district. (See *Coachella Valley County Water Dist.* v. *Stevens, supra,* 206 Cal. 400, 409-410.)

Presumably all land which was included in the district overlays the underground water supplies to be conserved, and can have access to and can use such supplies; and all activities of the district in conserving those supplies will substantially and directly benefit all land so situated. The land itself is obviously benefited by such protective acts, regardless of present use thereof by the particular landowner.

In the final analysis, it is therefore the potential rather than the present use of the particular land which must control. To hold otherwise, and permit the present nonagricultural use of the land to determine the right to its exclusion from the district, would result in the creation of excluded "islands" of varying shapes and sizes within an integrated county water

district, consisting of land similarly situated, merely because of lack of need for the water in the present use, if any, of particular land rather than because of lack of benefit to, and consequent enhancement of the value of, the land itself.

Manifestly the purposes of a county water district include the conservation of the water supply for future as well as present use. (Wat. Code, § 31021.) ▮▮▮ Many landowners within the district may be presently devoting portions of their land to such purposes as roads, structures, and other nonagricultural uses, but such circumstances do not create a right on the part of such landowners to demand exclusion of their land from the district.

It is further significant that the statute does not provide a means whereby once land is excluded from the district, the board, as distinguished from the landowners (Wat. Code, § 32400 et seq.), may reinclude the land on its own initiative. Thus the board, if present nonagricultural use required exclusion from a county water district, would be powerless to reinclude on its own initiative such land upon a subsequent change of the use thereof to full agricultural use. The statute only requires that the land, rather than the present use thereof, be "substantially and directly benefited" by inclusion in the district. Such appears to be the situation with respect to the land in question. There was no showing that it did not have access to and could not use, at the option of the landowner and in the same manner as the other lands in the district, the water to be conserved through the activities of the district. Upon the evidence before it the board therefore properly denied the petition for exclusion, and the trial court erred in ordering issuance of the writ of mandate to compel such exclusion.

The judgment is reversed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and McComb, J., concurred.

Respondent's petition for a rehearing was denied November 8, 1956.