[Sac. No. 6460.   In Bank.   Jan. 24, 1957.]

PHILLIP ALBONICO et al., Respondents, v. MADERA IRRIGATION DISTRICT (a Corporation) et al., Appellants.

David E. Peckinpah, Denver C. Peckinpah, Harold M. Child and L. N. Barber for Appellants.

Edmund G. Brown, Attorney General, B. Abbott Goldberg and Adolphus Moskovitz, Deputy Attorneys General, Harry W. Horton, R. J. Knox, Jr., Frank E. Jenney, Ronald B. Harris, P. J. Minasian, Martin McDonough, J. Lee Rankin, Solicitor General of the United States, Perry W. Morton, Assistant Attorney General, David R. Warner and Roger P. Marquis, Attorneys, Department of Justice, as Amici Curiae on behalf of Appellants.

Green, Green, Plumley & Kuney, Winslow B. Green, Kenneth P. Kuney, Sherwood Green, and Green, Green & Bartow for Respondents.

Brobeck, Phleger & Harrison, Herman Phleger, Alvin J. Rockwell and John M. Naff, Jr., as Amici Curiae on behalf of Respondents.

SHENK, J.—This is an appeal from a judgment for the petitioners Phillip and Jane E. Albonico, husband and wife, in a proceeding for the writ of mandate to compel the respondent Madera Irrigation District to vacate its resolution denying the exclusion from the district of the petitioners' lands in excess of 320 acres. Exclusion is sought on the ground that such excess lands would not be benefited by the operations of the district. (Wat. Code, §§ 26728, 26729; Code Civ. Proc., § 1085.)

A brief history of the Madera Irrigation District from the time of its inception is set forth in the companion case, *Madera Irr. Dist.* v. *All Persons, ante,* p. 681 [306 P.2d 886]. That case involved the validity of a contract entered into by and between the district and the United States acting through its Bureau of Reclamation of the Department of the Interior for the sale and distribution of water for irrigating purposes to the landowners in the district. Among other provisions of the contract considered in that case were the so-called acreage limitations and enforced sales provisions. In substance it was provided that a single person owning in excess of 160 acres and a married couple in excess of 320 acres are "large land owners"; that large landowners shall, within 30 days after notice to do so, select the 160 or 320 acres, as the case may be, of his or their lands to be deemed nonexcess; that if a large landowner fails to make such selection the district may do so for him and if the district does not do so, the Secretary of the Department of the Interior of the United States may do so, and that no water may be furnished by the district to excess lands unless and until the nonexcess portions thereof have been selected and the landowner has executed a recordable contract to sell or authorize the Secretary of the Interior to sell within 10 years the excess lands at an appraised sum which the landowner has no voice in determining and without regard to water rights involved in the irrigation project contemplated by the district and the United States.

Following a hearing on the 15th of April, 1951, at which the action of the board of directors of the district was reviewed and other evidence was received, the court made findings to the effect that the entire operations of the district in relation to the lands of the petitioners would be pursuant to the contract with the United States which, by sections 28, 29 and 30, did not contemplate the delivery of water to the petitioners' excess lands unless they agreed to sell such lands; that "except as to 320 acres thereof, the said lands of the petitioners sought to be excluded would not be benefited by the operations of the Madera Irrigation District"; that "no evidence was introduced" tending to show that such lands would be benefited, and that at the hearing before the board of directors of the District prior to its resolution denying the petition for exclusion there "was no evidence . . . to support [its] finding of fact that lands of the petitioners would be benefited by the operations of the Madera Irrigation District."

Judgment was entered in the alternative, first, "that if the general plan of operation of the Madera Irrigation District, as adopted and applied by the Board of Directors of the District, should continue or require compliance with the excess land conditions or limitations set forth in paragraph 28, 29 or 30 of the Contract between the Madera Irrigation District and the United States . . . as a condition to petitioners receiving for all of their land their fair, ratable portion of the water distributed by the District for irrigation purpose, then, in that event, a peremptory writ of mandate shall issue from this Court directing and compelling the Board of Directors of the Madera Irrigation District to make its order vacating and setting aside its previous order of April 12, 1951, denying petitioners' petition for exclusion, and to make its order excluding from the Madera Irrigation District the lands of petitioners, except as to 320 acres thereof." In the alternative it was ordered that if the district's plan of operation should "supply all of the lands of petitioners their fair, ratable portion of the water distributed by the district for irrigation purposes, without imposition of the excess land conditions or limitations set forth in paragraphs 28, 29, or 30 of the Contract . . . then and in that event, the writ herein prayed for shall be denied. . . ."

In view of our decisions in *Ivanhoe Irr. Dist.* v. *All Parties, ante,* p. 597 [306 P.2d 824], and in *Madera Irr. Dist.* v. *All Persons, ante,* p. 681 [306 P.2d 886], wherein it was held that excess land provisions in similar contracts were

improperly included therein, it must be concluded in this proceeding that the district may not impose on landowners within the district the land limitations contained in sections 28, 29 and 30 of the contract in question, and that all of the petitioners' lands within the district are entitled to their fair, ratable portion of the water distributed and to be distributed by the district for irrigation purposes. (Wat. Code, § 22250.) As the petitioners' lands will thus be benefited by the lawful operations of the district under a proper contract for a supply of water to the district a writ of mandate to compel the exclusion thereof from the district is inappropriate and unnecessary. (Wat. Code, §§ 26728, 26729.)

The judgment is therefore modified by striking therefrom the first alternative by which the petitioners' land might be conditionally excluded and by affirming the second alternative pursuant to which the lands of the petitioners are entitled to their proportionate water supply.

As so modified the judgment is affirmed, the respondents to recover costs on appeal.

Schauer, J., Spence, J., and McComb, J., concurred.

GIBSON, C. J., Dissenting.—For the reasons stated in my dissenting opinion in *Ivanhoe Irr. Dist.* v. *All Parties, ante,* p. 597 [306 P.2d 824], I would reverse the judgment.

Traynor, J., concurred.

CARTER, J., Dissenting.—This is a companion case to *Ivanhoe Irr. Dist.* v. *All Parties, ante,* p. 597 [306 P.2d 824], and for the reasons stated in my dissenting opinion in that case, I would reverse the judgment.

The petition of appellant Madera Irrigation District for a rehearing was denied February 19, 1957. Gibson, C. J., Carter, J., and Traynor, J., were of the opinion that the petition should be granted.