[Sac. No. 6460.   In Bank.   Feb. 29, 1960.]

PHILLIP  ALBONICO  et al., Respondents, v. MADERA
   IRRIGATION DISTRICT et al., Appellants.

David E. Peckinpah, Denver C. Peckinpah, Harold M. Child and L. N. Barber for Appellants.

J. Lee Rankin, Solicitor General of the United States, Perry W. Morton, Assistant Attorney General, David R. Warner and Roger P. Marquis, Attorneys, Department of Justice,* Edmund G. Brown and Stanley Mosk, Attorneys General, B. Abbott Goldberg, Assistant Attorney General, Adolphus Moskovitz, Deputy Attorney General, and McCormick, Moock & McCormick as Amici Curiae on behalf of Appellants.

Green, Green, Plumley & Kuney, Denslow B. Green, Kenneth A. Kuney, Sherwood Green, Green, Green & Bartow, Brobeck, Phleger & Harrison, Herman Phleger, Alvin J. Rockwell and John M. Naff, Jr., for Respondents.

Harry W. Horton, Reginald L. Knox, Jr., Horton & Knox, W. R. Bailey, Frank E. Jenney, Ronald B. Harris, P. J. Minasian and Martin McDonough as Amici Curiae on behalf of Respondents.

PETERS, J.—This case involves the same basic issue as to the validity of the contract between the Madera Irrigation District and the United States as was involved in the Madera case this day decided (ante, p. 692 [3 Cal.Rptr. 317, 350 P.2d 69]). As far as that issue is concerned, the law stated in that case, and in the two companion cases, is controlling. On the authority and for the reasons set forth in those cases it must be held that the contract between the United States and the Madera Irrigation District is valid and enforceable. In addition to that point, this case also involves another issue which must be passed upon.

This is an appeal by the district from a judgment of the superior court in favor of the Albonicos, husband and wife, in a proceeding for a writ of mandate to compel the district to vacate its resolution denying the exclusion from the district of petitioners' lands in excess of 320 acres. Exclusion was sought on the ground that such excess lands would not be

*Reporter's Note: The attorneys for the Federal Department of Justice participated in the trial court proceedings as Amici Curiae on behalf of the defendant district. They appeared in a similar capacity on appeal.

benefited by the operations of the district (Wat. Code, §§ 26728, 26729; Code Civ. Proc., § 1085).

The Albonicos own 1,259 acres of land within the boundaries of the district. They first petitioned the board of directors of the district to exclude all of their lands from the district. At the hearing before the board the Albonicos agreed that the 320 acres which could be served under the contract between the district and the United States need not be excluded, but they did request that all of their lands in excess of 320 acres be excluded. At this hearing the Albonicos presented some evidence, the nature of which will hereafter be set forth, to the effect that their excess lands would not be benefited. After this hearing, which included an inspection of the premises by the board, the board found that the excess lands would be benefited, and denied the petition for exclusion. The Albonicos then petitioned the superior court for a writ of mandate to review this determination and to compel the board to exclude their excess lands.

The superior court made findings to the effect that the entire operations of the district in relation to the lands of petitioners would be pursuant to the contract between the United States and the district under which water would not be delivered to petitioners' excess lands unless they agreed to sell such lands as provided in the contract; that "except as to 320 acres thereof, the said lands of the petitioners sought to be excluded would not be benefited by the operations of the Madera Irrigation District"; that "no evidence was introduced" tending to show that such lands would be benefited, and that at the hearing before the board prior to its resolution denying the petition for exclusion there "was no evidence . . . to support [its] finding of fact that lands of the petitioners would be benefited by the operations" of the district.

The trial court issued a writ of mandate with directions in the alternative, that (1) if the excess land provisions of the contracts with the United States are held to be invalid, the excess lands of petitioners should not be excluded; (2) but, if the excess land limitations of the federal contract are held to be valid, then petitioners are entitled to have their lands in excess of 320 acres excluded from the boundaries of the district.

On appeal to this court, in the prior opinion of this court (*Albonico* v. *Madera Irr. Dist.*, 47 Cal.2d 695 [306 P.2d 894]) because of its determination in the Ivanhoe (*Ivanhoe Irr. Dist.* v. *All Parties*, 47 Cal.2d 597 [306 P.2d 824]) and Madera

(*Madera Irr. Dist.* v. *All Persons,* 47 Cal.2d 681 [306 P.2d 886]) cases this court held that the limitations of the contract were invalid and that all of petitioners' lands were entitled to water. The judgment of the trial court was modified ''by striking therefrom the first alternative by which the petitioners' land might be conditionally excluded and by affirming the second alternative pursuant to which the lands of the petitioners are entitled to their proportionate water supply'' (*Albonico* v. *Madera Irr. Dist.,* 47 Cal.2d 695, 698 [306 P.2d 894]).

The judgment of this court in this case was reversed by the United States Supreme Court together with the judgments in the three companion cases. (*Ivanhoe Irr. Dist.* v. *Mc-Cracken,* 357 U.S. 275, 300 [78 S.Ct. 1174, 2 L.Ed.2d 1313].) Pursuant to the remand of the high court the remittitur was recalled, counsel permitted to rebrief all issues, the case was argued, and is now once again before us for decision.

Inasmuch as the contract involved has been held to be valid, we are now faced with the necessity of determining the question as to whether or not the superior court properly overruled the determination of the board of directors of the district that all of the lands of petitioners will be benefited by the project.

In our opinion the superior court exceeded its jurisdiction in finding, contrary to the finding of the board, that the excess lands of petitioners would not be benefited by the operations of the district. This is a mandamus proceeding aimed at reviewing the propriety of the action of a local administrative board. ▮ Mandamus is, of course, the appropriate remedy to test the proper exercise of the discretion vested in such a local board. ▮ But on such a review the reviewing court has no power to exercise an independent judgment on the facts. The superior court's power of review in such cases is limited to determining whether there was substantial evidence before the board to support its decision. (*Atchison etc. Ry. Co.* v. *Kings County Water Dist.,* 47 Cal.2d 140 [302 P.2d 1]; *Hobe* v. *Madera Irr. Dist.,* 128 Cal.App.2d 9, 16 [274 P.2d 874].) It is improper for the court to have a trial de novo or to make its own findings on the evidence. (*Cf. Fascination, Inc.* v. *Hoover,* 39 Cal.2d 260, 264, 268 [246 P.2d 656].)

The Water Code provides for a procedure whereby landowners may petition the board for exclusion of all or portions of their lands from irrigation districts. A hearing before the board is provided in the statute (Wat. Code, § 26725). Dis-

cretion is conferred on the board by the statute and it is provided that:

Section 26728: "Upon the hearing of an exclusion petition the board shall order that the petition be denied:

"(a) Entirely when no evidence in support of the petition is introduced.

"(b) As to any land described in the petition as to which the evidence introduced fails to sustain the petition.

"(c) As to any land described in the petition which the board deems it not for the best interests of the district to exclude except when the board judges that the land will not be benefited by the operations of the district."

Section 26729 provides that: "The board after the hearing of any exclusion petition shall order the exclusion of all or any part of the land described in it when as to the land to be excluded either:

"(a) The board judges that the land will not be benefited by the operations of the district.

"(b) . . . [exclusion for the best interests of district]."

■ Under these sections the burden of proof is on the petitioner to establish his right to exclusion of his lands, that is, he must prove that his lands will not be benefited. The question of benefit, or lack thereof, is obviously one of fact for the board. The board has found that fact. The only question presented is whether the board exceeded its jurisdiction in making that finding.

■ At the hearing the Albonicos presented some evidence to the effect that their excess lands would not be benefited under the contract with the United States. Their counsel, sworn as a witness, introduced and explained a chart showing the classification of the various parcels belonging to the Albonicos as to their suitability for farming. Other witnesses testified as to the character of the parcels, as to whether they were irrigable, and as to the utilization of pumps in certain areas. Counsel for the Albonicos then presented a map entitled "State of California, Department of Public Works, Division of Water Resources, Lines of Equal Water Elevation in Wells in the Upper San Joaquin Valley in the Fall of 1949." Albonicos' counsel then stated, apparently as a witness, that according to the map, the lines of elevation of the water supply on the Albonico lands ran from 200 feet above sea level to about 215 feet; that the slope of fall was roughly 5 feet to the mile; that the lowest elevation of land within the district was shown as 160 feet. Counsel concluded that it would be necessary to raise the underground water table in

the lowest part of the district some 40 feet in order to benefit the Albonico lands. Pursuant to request by the Albonicos, the board then viewed the land after the hearing and before making its decision. No evidence was presented by the district.

On this record the board found that the excess lands of the petitioners would be benefited and denied the petition for exclusion. The finding is amply supported.

While there was no direct evidence as to benefit introduced before the board, such evidence was not required.

As already pointed out, under the terms of the statute the petitioners had the burden of proof. It was their burden to prove that their lands would not be benefited. If the showing made on this issue was insufficient then the board was entitled to find benefit. While the finding of benefit is not supported by a recital of the evidentiary facts upon which it is based, no such findings were here required. The basic question was benefit or nonbenefit. The board made the basic and ultimate finding of benefit. Such a finding of ultimate fact generally is sufficient (*California Shipbuilding Corp.* v. *Industrial Acc. Com.*, 31 Cal.2d 270, 271 [188 P.2d 27]; see cases collected 2 Cal.Jur.2d 270, § 163). That rule is particularly applicable here because the governing statute here involved requires no finding beyond that of benefit or nonbenefit. The statute generally controls as to how specific the findings must be (*Swars* v. *Council of City of Vallejo,* 33 Cal.2d 867, 872 [206 P.2d 355]; *Temescal Water Co.* v. *Department of Public Works,* 44 Cal.2d 90, 101 [280 P.2d 1]; *Sobo* v. *Board of Police Commissioners,* 145 Cal.App.2d 783, 788 [303 P.2d 104]; Kuchman, California Administrative Law and Procedure (1953), pp. 130-131). It is also the rule that ''in the absence of indications to the contrary, a general finding includes a finding of all the special facts necessary to sustain it.'' (*H. P. Welch Co.* v. *State,* 89 N.H. 428 [199 A. 886, 893, 120 A.L.R. 282], affirmed, 306 U.S. 79 [59 S.Ct. 438, 83 L.Ed. 500]; see also *Pacific States Box & Basket Co.* v. *White,* 296 U.S. 176 [56 S.Ct. 159, 80 L.Ed. 138, 101 A.L.R. 853]; Davis, Administrative Law (1951), p. 533.)

In the instant case the board's finding of benefit, that is the implied ruling the petitioners had not sustained their burden of proof, is amply supported.

The only ''evidence'' to show nonbenefit was the underground water contour map. The evidence was not of such a nature as to compel findings in favor of the petitioners. It has been pointed out that '' 'Contour lines depicting lines of equal elevation of the ground-water surface of water table

are interpolations between observations of the water surface elevation in wells or test holes scattered over an area. They are unlike ground surface contours in that they are an expression of an opinion rather than a fact. . . . In the presentation of such lines to a court, one does so only as an expression of opinion based upon all determinate facts. In themselves, they are not conclusive and cannot be considered separate from the testimony and qualifications of the delineator.' '' (Wiel, *Law and Science in Groundwater Cases,* 13 So.Cal.L. Rev. 377, 382-383.) There is no contention that counsel for the Albonicos either drew the map or was an expert in underground waters. The contrary is indicated. Further, even if he had been qualified as an expert, the board could consider the fact that he was the attorney for an interested party and could disbelieve his testimony. (*Blank* v. *Coffin,* 20 Cal.2d 457, 461 [126 P.2d 868] ; *Hamilton* v. *Abadjian,* 30 Cal.2d 49, 53 [179 P.2d 804].)

Moreover, counsel for Albonicos did not testify that the excess lands would *not* be benefited by an underground water supply, but merely expressed the opinion from the map that the lowest part of the underground water table of the district would have to be raised 40 feet before there could be any benefit to the Albonico lands. There was no showing as to whether or not the water would *not* be raised to this level, nor was there any showing as to the amount of any rise. The board could reasonably infer that the delivery of water to other lands pursuant to the contract, coupled with the decrease in the amount of pumping of underground water necessary on such lands, would result in the raising of the general water table. Such a rise would result in a direct benefit to the lands of the Albonicos. (See *Ivanhoe Irr. Dist.* v. *McCracken,* 357 U.S. 275, 296 [78 S.Ct. 1174, 2 L.Ed.2d 1313] ; *Hobe* v. *Madera Irr. Dist.,* 128 Cal.App.2d 9, 15 [274 P.2d 874].) Indirect benefit would also result from the increase in value of the excess lands of the Albonicos: " 'Such indirect benefit may result from the improvement of neighboring and surrounding land, and the consequent increase in the value of all land within the district.' '' (*Santa Barbara etc. Agency* v. *All Persons,* 47 Cal.2d 699, 712 [306 P.2d 875], quoting from *Los Angeles County Flood Control Dist.* v. *Hamilton,* 177 Cal. 119, 123 [169 P. 1028].)

Finally, the board viewed the lands affected at the request of the petitioners. The facts disclosed by such viewing, while not appearing of record, could be considered by the board in

determining whether the petition for exclusion should be granted or denied (*J. & W. C. Shull, Inc.* v. *Merced Irr. Dist.*, 90 Cal.App. 270, 276 [265 P. 965]).

For these reasons, it must be held that the finding of the board that the excess lands of petitioners will be benefited by the operations of the district, and the implied finding of that board that petitioners had not sustained their burden of proof as to lack of benefit, are sustained by the record. This being so, it must be held that the trial court erred in substituting its discretion for that of the board.

The judgment of the trial court is reversed, with directions to that court to enter its judgment denying the petition of the Albonicos for a writ of mandamus.

Gibson, C. J., Traynor, J., and White, J., concurred.

Schauer, J., Spence, J., and McComb, J., concurred in the judgment.