[Civ. No. 2932.   Second Appellate District, Division Two.—August 19, 1919.]

WILLIAM SWALL et al., Appellants, v. THE COUNTY OF LOS ANGELES et al., Respondents.

[1] ROAD DISTRICT IMPROVEMENT ACT—PERMISSION TO FILE WRITTEN OBJECTIONS—WHAT MAY BE INCLUDED THEREIN.—The permission granted by section 5 of the Road District Improvement Act of 1907 to land owners to file written objection to ordering of the work done as an entirety is not a limitation upon filing other objections. That section provides a means by which a majority of the land owners may entirely block further proceedings; and, while what may be included in the objections to the boundaries of the district is not indicated, it might reasonably embrace an objection to the inclusion of specific land on the ground that it is not benefited by the proposed improvement.

[2] ID.—ESTABLISHMENT OF DISTRICT—LANDS BENEFITED—PRESUMPTION ATTACHED TO ACTS OF OFFICERS.—While the Road District

Improvement Act of 1907 does not provide that, in determining the boundaries of the assessment district, the board of supervisors shall include only property which it is considered will be benefited by the public work, as the power to specially tax in the manner proposed by such act can only be exercised upon the theory that benefits will accrue to the property affected thereby, the presumption of good faith and fair action that accompanies the acts of public officers is entitled to be indulged, and it then must be assumed that the board of supervisors has properly considered and determined that all of the property included within an established district will receive benefits from the doing of the work.

[3] ID.—CONSTITUTIONALITY OF AD VALOREM ASSESSMENTS.—The Road District Improvement Act of 1917 is not unconstitutional in permitting the assessment of property within the district formed under it according to its value, rather than in accordance with the benefits conferred.

[4] ID.—ACTION TO AVOID ASSESSMENT — ALLEGATION OF WANT OF BENEFIT — PRESUMPTION — JURISDICTION OF BOARD — CONCLUSIVENESS OF FINDING.—In an action brought for the purpose of avoiding a special assessment against the lands of the plaintiffs for the construction of cement curbs and sidewalks under the Road District Improvement Act of 1907, an allegation that the property was not benefited by the improvement does not aid the complaint. It will be presumed from the action of the board in including such lands in the district that they determined that all the lands so included would be benefited; and when jurisdiction is given to a board to pass upon the question of benefits, the courts will not disturb their finding, unless there appears a clear and palpable abuse of such discretion.

[5] ID.—LIMITATION ON POWER OF SUPERVISORS—WHEN COURTS MAY INTERFERE—ESTOPPEL BY FAILURE TO OBJECT IN TIME.—There is one limitation on the power of the supervisors, or whatever board is intrusted with the discretion to form an improvement district and determine the lands to be included therein. The discretion granted is not arbitrary. If the conditions shown by the record, or coming within the judicial knowledge of the court, are so unreasonable as to outrage the common sense of fairness and justice, the courts may interfere. An attempt against the will of the owners to curb and sidewalk a remote and unoccupied quarter-section of land in the sagebrush, and levy assessments therefor in excess of the value of the property, would be open to attack,

3.  Rule that assessments for local improvements must be limited to benefits received, notes, 68 Am. St. Rep. 716; 82 Am. St. Rep. 457; 14 L. R. A. 755.

Constitutionality of special assessment in excess of benefits, note, 3 Ann. Cas. 11.

irrespective of the closest adherence to the forms of law providing for such "improvement," unless the owners had slept upon their rights and were estopped thereby.

[6] Id.—Case at Bar—Abuse of Discretion not Shown—Failure to File Written Protest — Waiver of Objections.—In this action brought to avoid a special assessment, it does not appear from the facts pleaded, nor from the record presented, that the surroundings and conditions of plaintiffs' and other lands of the road improvement district in question were such as to show the action of the supervisors an obvious abuse of discretion in including them in the district as lands to be benefited by the proposed improvement. Furthermore, the plaintiffs having failed to file written protest to the organization of the district, or to make any objection to the inclusion of their lands therein, must be deemed to have submitted themselves to the jurisdiction of the board of supervisors in the determination of the necessity for the improvement for which the district was organized.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

Milton K. Young and W. W. Middlecoff for Appellants.

A. J. Hill, County Counsel, and Edward T. Bishop, Deputy County Counsel, for Respondents.

SLOANE, J.—The plaintiffs brought this action in the superior court of the county of Los Angeles for the purpose of avoiding a special assessment against their land for the construction of cement curbs and sidewalks under the "Road District Improvement Act of 1907," [Stats. 1907, p. 806]. The defendants demurred to the complaint on the ground of its insufficiency to state a cause of action. The demurrer was sustained, and plaintiffs declining to amend, judgment of dismissal was rendered. Plaintiffs have appealed on the judgment-roll.

The grounds of attack upon the assessment, on which the sufficiency of the complaint depends, are the allegations: (1) "That the lands of plaintiffs derive no benefit whatever from the curbs and sidewalks, but that, on the contrary, the lands, being farming lands, are injured by the curbs and sidewalks; (2) that no allowance was made for the difference in benefits which would accrue to the several par-

cels of land in the district, and that the supervisors particularly disregarded the question of benefits with reference to the properties of the plaintiffs; (3) that the estimated burden of the tax levied and to be levied under the assessments closely approximates the present assessed value of the land, and amounts to confiscation; and (4) that the Road District Improvement Act of 1907 is unconstitutional.

Taking up first the question of the constitutionality of the act: Appellant does not very clearly indicate in what respect the provisions of the Road District Improvement Act in question are violative of any constitutional right. [1] He objects that the act nowhere provides an opportunity for an owner of property within a district to raise an objection concerning the size of the assessment district or the inclusion of his property therein. This objection seems to be sufficiently met by section 5 of the act, which provides for a hearing of objections of land owners, and, specifically, that ''in the order of the hearing shall be heard such objections as shall be made to the boundaries of the district as set forth in the resolution of intention. Objections to the grades or to the boundaries of the district may be made by an owner of land lying within the district upon the hearing without any written statement of the same.'' We do not understand the permission granted by this section to land owners to file written objection to ordering of the work as an entirety, to be a limitation upon filing other objections, but to provide a means by which a majority of the land owners may entirely block further proceedings. (*Thomas* v. *Pridham*, 171 Cal. 98, [153 Pac. 933].) Just what may be included in the objections to the boundaries of the district under section 5 is not indicated, but it might reasonably embrace an objection to the inclusion of specific land on the ground that it was not benefited by the proposed improvement. In denying a rehearing in *Thomas* v. *Pridham, supra,* the court says: ''While the right of protest in writing is limited to owners of record, as defined in the section, this limitation does not prevent all interested persons (including those not of record) from appearing before the board of supervisors and voicing their objections.'' [2] As to the violation of any constitutional right in failing to make express provision for determining benefits as a condition of including territory within the

district, the district court of appeal, in the case of *Hunt* v. *Manning,* 24 Cal. App. 44, [140 Pac. 39], in passing on this precise point, says: "The act, it is true, does not provide that in determining the boundaries of the assessment district the board of supervisors shall include only property which it is considered will be benefited by the public work, but attention is called to no authority holding that such provision is essential to the validity of such a statute. As the power to specially tax in the manner proposed by this act can only be exercised upon the theory that benefits will accrue to the property affected thereby, the presumption of good faith and fair action that accompanies the acts of public officers is entitled to be indulged, and it then must be assumed that the board of supervisors properly considered and determined that all of the property included within the established district would receive benefits from the doing of the work." [3] Furthermore, it is held in *Thomas* v. *Pridham, supra,* that this Road District Improvement Act is not unconstitutional in permitting the assessment of property within the district formed under it according to its value, rather than in accordance with the benefits conferred. This covers all the points raised by appellants on the constitutionality of the act.

[4] The allegation that the property was not benefited by the improvement does not aid the complaint. For the reasons heretofore stated, under the rule laid down in *Hunt* v. *Manning, supra,* it will be presumed from the action of the board in including these lands in the district that they determined that all the lands so included would be benefited. And it is well settled that when jurisdiction is given to a board to pass upon the question of benefits, the courts will not disturb their finding, unless there appears a clear and palpable abuse of such discretion. Quoting from *Duncan* v. *Ramish,* 142 Cal. 686, [76 Pac. 661], we find this expression of the rule: "It is true that local assessments are said to be imposed on the theory that the property adjacent to the improvement receives special benefit therefrom. But this is a matter which is for the determination of the legislative authority of the state, acting through its established agencies for the government of political subdivisions, or directly by the legislature of the state, as that body may see fit. It is enough for the local property

owner that he has a right to be heard before the city council upon the question, by filing a petition of remonstrance, in the proceeding prescribed by law, setting forth his reasons why the improvement should not be made. (Stats. 1891, p. 196; *French* v. *Barber Asphalt Pav. Co.,* 181 U. S. 324, [45 L. Ed. 879, 21 Sup. Ct. Rep. 625] ; *Spencer* v. *Merchant,* 125 U. S. 345, [31 L. Ed. 763, 8 Sup. Ct. Rep. 921] ; *Brown* v. *Drain,* 187 U. S. 635, [47 L. Ed. 343, 23 Sup. Ct. Rep. 842, see, also, Rose's U. S. Notes].) . . . In *Brown* v. *Drain,* 112 Fed. 582, the plaintiff sued the street superintendent and city treasurer of Los Angeles to obtain a decree declaring invalid the local assessment for a street improvement and to quiet his title to the land assessed. The circuit court of the United States in that case held that the offer of the plaintiff to allege and prove that the benefits accruing to his property from the improvements did not exceed two thousand dollars, whereas the assessment was over five thousand dollars, was wholly immaterial, and that these facts would not, if alleged and proven, affect the validity of the proceedings, the position of the court being that the determination of the city council on that subject, under the Street Work Act, was exclusive. This case was appealed to the supreme court of the United States, and the decision was affirmed by that court on the authority of *French* v. *Barber Asphalt Pav. Co.,* 181 U. S. 324, [45 L. Ed. 879, 21 Sup. Ct. Rep. 625], and the other like cases above cited. . . . The question may therefore be considered as absolutely settled, and the decision in the Norwood case as thoroughly discredited, although not expressly overruled.''

The further allegation of the complaint that the assessment was levied upon the lands of appellants without reference to any ascertainment of the benefits to be derived by such lands from the improvements does not entitle them to relief, for the reason that the assessment is authorized under the act in question according to the value of the property, rather than in accordance with the benefits conferred. As already pointed out, the validity of the *ad valorem* assessment under this Road District Improvement Act is upheld in *Thomas* v. *Pridham, supra.* In *Emery* v. *San Francisco Gas Co.,* 28 Cal. 346, the court, speaking through Mr. Justice Sawyer, says: ''The result of our investigation is that there is no restriction in our constitution

upon the power of the legislature to impose assessments to defray the expenses of public improvement in the nature of grading and planking streets, upon the property supposed to be benefited thereby in any district designated by the legislature or the proper officers of municipal governments acting under authority of law, and it is authorized to apportion the amount to be raised according to value, according to the benefits received, in proportion to frontage or superficial contents, or to adopt any principle of apportionment that can be referred to the general sovereign right of taxation." Under the act in question here the *ad valorem* assessment was provided for.

[5] There is one limitation on the power of the supervisors, or whatever board is intrusted with the discretion to form an improvement district and determine the lands to be included therein. The discretion granted is not arbitrary. If the conditions shown by the record, or coming within the judicial knowledge of the court, are so unreasonable as to outrage the common sense of fairness and justice, the courts may interfere. (*Spring Street Co.* v. *City of Los Angeles*, 170 Cal. 24, [L. R. A. 1918E, 197, 148 Pac. 217]; *Lent* v. *Tillson*, 72 Cal. 404, 429, [14 Pac. 71]; *Iowa Pipe & Tile Co.* v. *Callanan*, 125 Iowa, 358, [106 Am. St. Rep. 311, 3 Ann. Cas. 7, 67 L. R. A. 408, 101 N. W. 141].) An attempt against the will of the owners to curb and sidewalk a remote and unoccupied quarter-section of land in the sagebrush, and levy assessments therefor in excess of the value of the property, would be open to attack, irrespective of the closest adherence to the forms of law providing for such "improvement," unless the owners had slept upon their rights and were estopped thereby. Appellants here rely upon some such condition, in alleging in their complaint that their lands are farming lands, used and acquired solely for farming purposes; that only four families are residing thereon; that the construction of the improvements are of no benefit, but a detriment to their property, by reason of impeding ingress and egress to and from the same; and that the aggregate of the assessments will amount to $5,842.70 upon lands, the assessed value of which only amounts to $6,390. [6] It does not, however, appear from the facts pleaded, nor from the record presented, that the surroundings and conditions of these and

other lands of the road improvement district in question are such as to show the action of the supervisors an obvious abuse of discretion, in including them in the district as lands to be benefited by the proposed improvement. And, moreover, it does not appear that appellants filed any written protest to the organization of the district, or made any objection to the inclusion of their lands therein. They must be deemed to have submitted themselves to the jurisdiction of the board of supervisors in the determination of the necessity for the improvements for which the district was organized. (*Duncan* v. *Ramish, supra; United Real Estate etc. Co.* v. *Barnes,* 159 Cal. 242, [113 Pac. 167]; *Dillingham* v. *Welch,* 179 Cal. 656, [178 Pac. 512].)

We find nothing in the authorities cited by appellant, in so far as they apply at all to the conditions presented on this appeal, inconsistent with the conclusions indicated in this opinion. The citations to United States supreme court decisions, referred to us by appellant in lieu of a closing brief, not previously cited—*Myles Salt Co.* v. *Commissioners,* 239 U. S. 478, [L. R. A. 1918E, 190, 60 L. Ed. 392, 36 Sup. Ct. Rep. 204]; *Houck* v. *Little River Drainage District,* 239 U. S. 254, [60 L. Ed. 266, 36 Sup. Ct. Rep. 58]; and *Fallbrook Irr. Dist.* v. *Bradley,* 164 U. S. 112, [41 L. Ed. 369, 17 Sup. Ct. Rep. 56, see, also, Rose's U. S. Notes]—go no further than to hold that the courts will review the discretion of the local board to whom authority to act in the premises has been delegated only in the event of palpably arbitrary and plain abuse; as, for example, the inclusion of lands in a drainage or irrigation district which, from their topographical situation, could not be drained or irrigated by the proposed system.

The judgment is affirmed.

Finlayson, P. J., and Thomas, J., concurred.