[Civ. No. 7555. Second Appellate District, Division One.—November 20, 1930.]

TITLE INSURANCE AND TRUST COMPANY (a Corporation), Appellant, v. J. H. BEAN et al., Respondents.

Frank Bryant for Appellant.

Everett W. Mattoon, County Counsel, and Gordon Boller, Deputy County Counsel, for Respondents.

HOUSER, J.—In pursuance of a petition presented to the board of supervisors of Los Angeles County, which petition was signed by the plaintiff and each of fifteen other individual owners of respective pieces of real property, said board of supervisors, acting in accordance with the provisions of the so-called "Road District Improvement Act of 1907", and statutes amendatory thereof (Stats. 1907, p. 806; Stats. 1921, p. 311), awarded a contract for the improvement of a road specified and described in the said petition. As its final act in connection with such improvement, said board of supervisors ordered the issuance of certain bonds in payment to the contractor for the work done by him or it in the completion of the contract, and which said bonds were thereupon issued and delivered to the contractor.

Although, as provided by the terms of the statute, as the proposed improvement progresses, as well as after its completion, an owner of real property affected by said proposed improvement is afforded an opportunity to object thereto and to have a hearing with reference to his objection before the board of supervisors—the record herein shows that at no time preceding the completion of the work of improvement, nor on any occasion until long after the bonds in payment of the work done had been delivered to the contractor, did the plaintiff offer or make any objection of any sort in connection with said improvement to said board of supervisors; nor was it until after a tax or assessment had been levied against the property owned by the plaintiff for the purpose of collecting an installment or fixed portion of the cost of such improvement that the action herein was commenced by the plaintiff to quiet title to its said property as against the lien arising from such tax or assessment. It is from a judgment rendered in such action in favor of the defendants that this appeal is presented to this court.

The objections of appellant are directed to an error which occurred in the "Notice of Final Hearing" before the board of supervisors in the matter of the improvement, which error, in substance, is that the name of the contractor who performed the work was incorrectly stated in said notice of final hearing; also to the effect of the tax or assessment levied for the payment of the work of improvement, in that the total amount of the several levies of taxes or assess-

ments which already had been levied, or which necessarily would be levied, exceeded the benefits accruing to the property of the plaintiff, as well as the value of the property itself, as disclosed by the assessment value placed thereon by the county assessor for the purpose of levying the general tax on said property.

With reference to the objection interposed by appellant to the effect that because of an error as to the name of the contractor, which occurred in the notice of final hearing, the invalidity of the bonds issued in payment of the work should be decreed and title quieted to the property in question—at the outset, the provisions of the statute relating to the proceedings should be noted. The pertinent part of the statute is as follows:

"The presiding officer of the board of supervisors is hereby authorized to fix a time and give a notice for a hearing for the purpose of determining whether the work shall be accepted as being completed according to the contract, and for determining the aggregate amounts for which bonds shall be issued.

"Such hearing shall be known as the final hearing. The notice of such hearing may, in form, and shall, in substance, be (filling the blanks) as follows:

"Notice of final hearing in the matter of road district improvements number . . . . .

"Notice is hereby given that a final hearing of the above named matter will be had at the hour of . . . . m., on the . . . . day of . . . . . . . ., 19.., at the chamber of the board of supervisors of the county of . . . . . . . ., State of California, for the purpose of determining whether the work done under the contract made with . . . . . . . . under resolution of intention number . . . . in road improvement district number . . . . of the county of . . . . . . . . shall be accepted as being performed according to the contract. . . . " (Stats. 1921, pp. 311, 323, sec. 18.)

As hereinbefore indicated, the only complaint regarding the notice which was given is that, instead of correctly stating the name of the contractor as "Francisco and Ellington, Inc.," the notice incorrectly named the contractors as "Francisco and Ellington". It will be observed that the language of the statute is that "the notice of such hearing

*may,* in form, and *shall,* in substance, be" (so and so). Then follows a form which *"may"* be followed. All that the statute specifically demands is that the *substance* of the form *"shall"* be followed.

With the one exception, the notice given was *"verbatim"* with the form suggested by the provisions of the statute. It was correctly entitled as "Notice of Final Hearing in the Matter of Road District Improvement No. 181." In the body of the notice a reference was correctly made to the number of the "Resolution of Intention" to perform the proposed work, as well as the number of the "Road District Improvement"; and the name of the contractor was stated as "Francisco and Ellington". It thus appears that the identity of the proceeding regarding which the notice was given was established, first, by a certain numbered "Resolution of Intention"; and secondly, by the specific number by which the "Road District Improvement" was designated. As it stated in the statute, the notice was given "for the purpose of determining whether the work shall be accepted as being completed according to the contract", etc.; and it is most apparent that after such a particularization of the road district improvement, the requirement of the statute that the "substance" of a specified form of notice should be given was complied with, and that the omission of the letters "Inc." after the words "Francisco and Ellington" could have misled no person who was interested in the matter.

Furthermore, as affects either of the objections herein specified by the appellant, it is noted that no claim is made that in any particular the board of supervisors acted either fraudulently or in violation of its discretionary powers in the premises. Assuming (without conceding) that had the plaintiff availed itself of either or any of the several opportunities which were afforded it by the terms of the statute to make timely objection to the board of supervisors relating either to the improvement as it progressed, to the cost thereof, or to the assessment or assessments of which it here complains, and thereupon that either or all its several objections had been overruled or denied, it might have become entitled to some remedy, it is plain, both by the terms of the statute, as well as by numerous decisions of the courts of this state, that, as to each of such several oppor-

tunities, the plaintiff having permitted the statutory time to elapse within which it properly might have sought and possibly might have obtained relief, it is now too late for the plaintiff to claim or to take advantage of any error which may have occurred in the course of proceedings before the board of supervisors. (Secs. 11, 18, 19, 20, Stats. 1907, p. 806, as amended by Stats. 1921, p. 311; *Dillingham* v. *Welch*, 179 Cal. 656 [178 Pac. 512]; *Pierce* v. *County of Solano*, 62 Cal. App. 465 [217 Pac. 545]; *Swall* v. *County of Los Angeles*, 42 Cal. App. 758 [184 Pac. 406]; *Hutchinson Co.* v. *Coughlin*, 42 Cal. App. 664 [184 Pac. 435]; *Duncan* v. *Ramish*, 142 Cal. 686 [76 Pac. 661]; *Lent* v. *Tillson*, 72 Cal. 404 [14 Pac. 71]; *Chase* v. *Trout*, 146 Cal. 350 [80 Pac. 81].)

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.