[Civ. No. 17310.   First Dist., Div. One.   June 19, 1957.]

HAROLD P. BALLF, Appellant, v. THE PUBLIC WELFARE DEPARTMENT OF THE CITY AND COUNTY OF SAN FRANCISCO, etc., et al., Respondents.

Harold P. Ballf, in pro. per., for Appellant.

Dion R. Holm, City Attorney, and Bernard J. Ward, Deputy City Attorney, for Respondents.

BRAY, J.—Petitioner appeals from the portion of the judgment of the superior court denying a writ of mandate to compel respondents to restore him to his prior civil service employment in the city and county of San Francisco.[1]

## QUESTION PRESENTED

Did petitioner cease to be a resident of San Francisco and thereby provide cause for his dismissal under the charter?

## FACTS

Petitioner was employed in 1933 as a civil service employee of San Francisco, working until 1937 as an employee of the public utilities commission. From 1937 to 1940 he worked for the public welfare department, classified as General Clerk-Typist B-512. It is his later dismissal from this position which is the basis of this appeal. From 1940 to 1949 he was on military leave, being on active duty with the Army. While still on such leave he applied for and received educational leave under rule 31.3 of the civil service commission, for the period August 1, 1949, to July 31, 1953. November 9, 1949, the civil service commission filled his vacancy by an appointment "vice Mr. Ballf." While on this leave petitioner attended the University of California at Berkeley where he received a general secondary credential for teaching and a M.A. in education. July 9, 1953, he requested an extension of his educational leave for 36 months commencing August 1, 1953, to pursue his studies to obtain a Ph.D. The civil service commission did not act on the request. Instead, it directed the director of public welfare to initiate dismissal proceedings under section 7 of the charter (residence requirement) if petitioner did not resign.

Pursuant to section 154 of the charter a public hearing was held before the appointing officer of the department in which petitioner was employed (the director of public welfare). The charges against petitioner were:

1. Insubordinate inattention to duties because of failure to return from educational leave.

2. Loss of residence as required under section 7 of the charter of the city and county of San Francisco.

3. Violation of the terms of the educational leave.

(a) Failure to maintain a full curriculum in the University of California.

---

[1]The judgment also decreed that he is entitled to exercise his option as a member of the retirement system as to his rights in accord with the provisions of section 165.2 of the charter. Obviously he does not appeal from that portion of the judgment.

(b) Failure to present proof of attendance at the end of the various school terms in accordance with the provisions of rule 31.3, Civil Service Commission.

(c) Mr. Ballf had not used his educational leave entirely for educational purposes, but during the summer vacation had been on military duty and other things which are not for the purpose for which the educational leave was granted.

The director found all charges against petitioner true and dismissed him from service. On appeal, the civil service commission sustained the director. Petitioner applied to the superior court for a writ of certiorari and an administrative writ of mandamus. After a hearing and a review of the transscript of the administrative proceedings the court denied the writs but held that petitioner had sufficient service to exercise his option to remain a member of the city and county's retirement system.

## RESIDENCE

The most serious question concerns the charge of loss of residence in San Francisco. Section 7 of the charter provides: ". . . . All employees . . . shall continue to be a resident of the city and county during incumbency of office or employment, and upon ceasing to be such resident, shall be removed from office or employment; . . . A 'resident' within the intent and purpose of this section, means one who actually lives within the city and county and maintains an abode therein, where such resident with his family, if any, customarily spends the night, provided, however, that residence outside the confines of the city and county for a period not to exceed three months in any calendar year, or absence of a resident from the city and county upon any bona fide journey, whether for business or pleasure and for whatever length of time, or absence of a resident while in the performance of any duties as an elected or appointed official or employee of the State of California or the government of the United States, shall not be within the contemplation of this section. . . ."

While attending the university petitioner moved from San Francisco to Walnut Creek, Contra Costa County. There he became part owner of the property on which he lived. In April, 1950, he requested cancellation of his San Francisco voting registration and registered to vote in Contra Costa County. Petitioner testified that although he still considered San Francisco his residence he had no domicile nor mailing address in San Francisco. The director found that petitioner was an "incumbent during incumbency of employment."

Obviously "incumbency of office" pertains to an office or benefice. See *Leymel* v. *Johnson* (1930), 105 Cal.App. 694 [288 P. 858], and *Curtin* v. *State*, 61 Cal.App. 377 [214 P. 1030]. The latter case quotes from a statement by Chief Justice Marshall: "Although an office is an employment, it does not follow that every employment is an office." (P. 386.) Petitioner's position as general clerk-typist was not an "office" but an "employment." Actually it makes no difference whether petitioner was in the incumbency of employment or as a more logical construction requires, was in "employment." Either way he was required to remain a resident of San Francisco. ■ The fact that a person is on leave from his "employment" makes him no less an employee. As a matter of fact, petitioner claims to be an employee. He has to be in order to assert the rights claimed by him. Petitioner's right to educational leave is dependent upon his being an employee. Rule 31.3 of the Civil Service Commission provides that educational leave may be granted to a veteran "who holds permanent civil service status as an officer or *employee* . . ." (Emphasis added.) That petitioner was holding his "employment" is well illustrated by the fact that any time he desired to terminate his leave he could have returned to his position as a matter of right and the person holding it "vice Mr. Ballf" would have had to give it up. For all purposes he was an employee of the department except that his leave temporarily excused him from performing his actual duties. (See *Thompson* v. *Young* (D.C. 1945), 63 F.Supp. 890, 891.) We can see no construction of the section other than the one given it by the director, the civil service commission, and the superior court, namely, that even though on leave, the residential requirement must be complied with.

■ Truly, as petitioner says, residence is primarily a matter of intent. He claims he never intended to cease to be a resident of San Francisco. ■ In determining residence, however, the courts look to a person's actions as well as to his statement of intent. ■ One of the important acts to be considered is where he has registered to vote. While not conclusive of the question, his registration is of considerable importance. (See *Gallagher* v. *United States*, 66 F.Supp. 743, 744, holding that "voting" is important evidence on the issue of "domicile" but not necessarily decisive.) ■ In this type of proceeding we do not pass upon the credibility of a witness nor upon the weight of the evidence. Our function is to determine whether there was substantial evidence to support the

finding of the trial court.[2] ▮ Petitioner's change of registration and his lack of a domicile or mailing address in San Francisco constitute substantial support for the court's finding and that of the director that petitioner is not and did not continue to be a resident of San Francisco within the meaning of section 7.

For the same reason there is substantial support for the implied finding that petitioner's change of residence does not come within the exceptions provided by the section. Certainly, absence from the city for the term of his educational leave is excused, but nevertheless the employee must maintain himself as a "resident" there.[3] Petitioner contends that the definition of "resident" as given in section 7 excludes any requirement that he maintain a legal residence there as distinguished from the requirement that he maintain his place of abode there, and that as a result of his leave excusing him from the latter, he cannot be dismissed from his employment. However, taking section 7 as a whole it is obvious that the definition of "resident" there given was not intended to be limited by that definition. In addition to merely maintaining his place of abode in San Francisco the employee is required to maintain his residence there, although there is no requirement that in addition to being a resident he must also be a voter. The reference to abode amplifies the requirement of residence. It undoubtedly was inserted to prevent the following situation which could well occur without it. An employee maintaining his legal residence in the city and perhaps, even being registered to vote there, nevertheless could with his family live the greater portion of the year in some nearby locality. Section 7, therefore, requires that in addition to being a resident of the city he must with his family live there at all times other than as excepted by the section.[4] ▮ We

---

[2]For the scope of review of both the superior court and this court in this type of case, see *La Prade* v. *Department of Water & Power*, 27 Cal.2d 47 [162 P.2d 13]; *Corcoran* v. *San Francisco etc. Retirement System*, 114 Cal.App.2d 738 [251 P.2d 59]; 3 Witkin, California Procedure, 2489–2490.

[3]Although there is no direct provision on the subject in the charter, excuse from maintaining his place of abode there necessarily follows from the authorization to grant an employee educational leave. This is well shown by the fact that were the holder of the leave to attend an educational institution in the east or south it would be physically impossible for him to return to San Francisco each night.

[4]Such as temporary abode elsewhere for the limited time provided, or remaining away while on a journey, or working for the state or government. Although not expressed, educational leave also provides an exception.

see no escape from holding that section 7 while impliedly permitting a change of place of abode by an employee on educational leave does not permit a change of residence. ■ We do not hold that buying a home and registering to vote in another county as a matter of law compels the conclusion that the employee has changed his residence where he claims that he had no intention of so doing. However, they are strong circumstances which the trier of fact of residence (here, the director in the first instance, and the superior court on review) may consider (and here did) as overcoming the employee's claim that he did not intend to change his residence.[5] (See *Warren* v. *Warren*, 127 Cal.App. 231, 240 [15 P.2d 556], for right of the trier of fact to determine that a person's acts may control over his statement of intention.)

■ Petitioner contends that the words in section 7, "removal from such office or employment" for ceasing to be a "resident" does not mean "dismissal," but only a temporary removal until such time as the employee might again become a resident. There is no merit in such contention. Such an interpretation would leave the civil service system in great confusion. No permanent appointment to fill the position of the "removed" employee could be made.

As there is substantial evidence to support the finding of the director and of the superior court that petitioner was no longer a resident of San Francisco and that his discharge from employment on that ground was proper, we see no reason for considering the other grounds upon which his discharge was based.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied July 19, 1957, and appellant's petition for a hearing by the Supreme Court was denied August 13, 1957. Carter, J., was of the opinion that the petition should be granted.

---

[5]In his affidavit of registration the affiant swears that he has been a *resident* of the county where he is registering for 90 days next preceding the next election and will be an "elector" of that county at said election. (Elec. Code, § 230.) Section 20 provides that an "elector" means any person who qualifies under section 1, article II, Constitution. That section requires that the person be a "resident" of the county for 90 days next preceding the next election. Also section 230, Elections Code, requires the person to state the county in which he is presently registered and to "request that said registration be canceled."