[Civ. No. 6999. Fourth Dist. Apr. 5, 1963.]

SAN DIEGO GAS & ELECTRIC COMPANY, Plaintiff and Appellant, v. J. W. SINCLAIR et al., Defendants and Respondents.

Luce, Forward, Hamilton & Scripps and Robert E. Mc-Ginnis for Plaintiff and Appellant.

Linley, Duffy & Shifflet and Higgs, Fletcher & Mack for Defendants and Respondents.

BROWN (Gerald), J.—The appellant petitioned in the superior court for a writ of mandate requiring respondents to exclude appellant's property from a proposed special assessment improvement district to be created under chapter 20, section 20-16, West's California Water Code Appendix [Deering's Wat. Code, Act 5243, § 16]. The Rainbow Municipal Water District and the members of its board are the respondents herein.

The question on appeal is whether respondents' determination to include appellant's property within the proposed improvement district was supported by substantial evidence.

On October 16, 1961, respondents adopted a resolution proposing to incur an indebtedness of approximately half a million dollars to construct a waterworks system within a portion of the already existing Rainbow Municipal Water District. It was respondents' intent to form an improvement district of a portion of the municipal water district which would be benefited by the proposed improvements, and pay for proposed bonds by taxes levied exclusively on property within the proposed district.

The appellant requested exclusion on the ground that none of its property within the proposed district was or would be benefited by the proposed improvements.

At a regular hearing the only testimony by respondents relating to benefit was that of Les Clayton, an engineer for the district, who testified:

"The project we are talking about here, which we have talked about before, contemplates the formation of an improvement district as outlined in yellow on the map entitled

Exhibit A, boundary map for the proposed area. This area is generally the northerly and easterly portions of Vallecitos Mutual Water Company...."

"The Chairman: Mr. Clayton, we take it then you are familiar with the district, personally familiar with the district?

"Mr. Clayton: Yes, and in conclusion, I will state that I am familiar with the over-all Rainbow District. I am familiar with the proposed improvement district, with the work proposed to be done, the estimated cost, which I have previously testified on, and that *in my opinion, a portion of the district indicated on the map, outlined in yellow,* (indicating), to which I have pointed, *will be benefited by the proposed debt for the proposed purpose."* (Italics ours.)

Appellant introduced evidence in writing and by witnesses that there would be no benefit to appellant's property under the proposed improvement program. This property consisted primarily of a compressor station, gas distribution and transmission lines and electrical distribution lines, having a total assessed valuation of $428,530 and representing over 40 per cent of the assessed valuation of the proposed district. Appellant contended that its property, which was forever dedicated to public utility purposes, would not benefit generally or specifically from the proposed improvements.

At the conclusion of testimony, and without discussion or lapse of time, the board adopted a resolution to proceed with the improvement district, including the property of appellant within the district.

Appellant then petitioned the superior court for a writ of mandate to exclude appellant's property from the proposed improvement district, upon the ground that the inclusion of appellant's property was not based upon substantial evidence of benefit to said property.

 Under Code of Civil Procedure section 1094.5 mandamus is an appropriate remedy to test the proper exercise of discretion by the respondents. The respondent district being a local district, the superior court was not authorized to exercise its independent judgment on the evidence. The superior court's power of review is limited in such cases to determining whether there was substantial evidence before the district to support its decision. It is improper for the court to have a trial de novo or to make its own findings on the evidence. (*Albonico* v. *Madera Irr. Dist.*, 53 Cal.2d 735, 739 [3 Cal.Rptr. 343, 350 P.2d 95].) Where the superior

court has reviewed the determination of the local district, the power of the appellate court begins and ends with the inquiry whether there was any substantial evidence to support the conclusion reached by the superior court. (*Ballf* v. *Public Welfare Department,* 151 Cal.App.2d 784, 788-789 [312 P. 2d 360]; *Corcoran* v. *San Francisco etc. Retirement System,* 114 Cal.App.2d 738, 740-741 [251 P.2d 59].) ▇ The appellate court does not pass upon the credibility of a witness nor upon the weight of the evidence. (*Thompson* v. *City of Long Beach,* 41 Cal.2d 235, 239-240 [259 P.2d 649]; *Ballf* v. *Public Welfare Department, supra,* 151 Cal.App.2d 784, 788; 3 Witkin, California Procedure, 2489, 2490.)

It is required that there be a "benefit" for property to be included within a special assessment district. This is based upon subdivision (c) of chapter 20, section 20-16, West's California Water Code Appendix [Deering's Wat. Code, Act. 5243, § 16, subd. (c)] which provides:

"(c) that the board intends to form an improvement district of a portion of the district which in the opinion of the board will be *benefited,* the exterior boundaries of which portion are set forth on a map on file with the secretary of the district, which map shall govern for all details as to the extent of the proposed improvement district, . . ." (Italics ours.)

In its oral opinion the trial court relied upon *Albonico* v. *Madera Irr. Dist., supra,* 53 Cal.2d 735, for the principle that the appellant herein had the burden of proof of showing there was no benefit to its property in order for it to be excluded. In the *Albonico* case, however, the district was already in existence when the property owner sought exclusion; in that case the law specifically provided that the burden of proof was on the landowner to justify exclusion after the district had been formed. ▇ In the case before us, a new improvement district was being proposed; the respondents had the burden of showing benefit to the property within the proposed district. It is required that there be specific benefit to the particular property owned by appellant. ▇ In *Safeway Stores, Inc.* v. *City of Burligame,* 170 Cal.App.2d 637 [339 P.2d 933], at p. 645, it is stated:

"What is meant by 'benefit' is well stated by our Supreme Court in *Spring Street Co.* v. *City of Los Angeles* (1915) 170 Cal. 24, 30 [148 P. 217, L.R.A. 1918E 197], in these words: 'That the return to the property owner by way of benefit is, under our system of government, the basic foundation upon which this right [to levy special assessments] rests, becomes apparent from the consideration that if we are not able to

say that the owner for the specific charge imposed is compensated by the increased value of the property, then most manifestly we have a special tax upon a minority of the property owners, which tax is for the benefit of the public and which tax is special, unequal, and un-uniform.

" 'Therefore, the compensating benefit to the property owner is the warrant, and the sole warrant, for the legislature itself to impose the burdens of these special assessments.' "

The respondents did not have the onerous burden of finding and considering benefit to each individual parcel of property within the proposed district. After a property owner is once afforded the procedural opportunity to object and he fails to avail himself thereof the district's determination is conclusive in the absence of fraud or abuse of discretion amounting in law to fraud against the property owner. (*Irish* v. *Hahn,* 208 Cal. 339, 346-347 [281 P. 385, 66 A.L.R. 1382].)

The respondents had notice of appellant's request for exclusion before the time of the hearing and were alerted respecting appellant's position. It then became incumbent upon respondents to present substantial evidence upon which it could conclude or find there was a benefit to the specific property of the petitioner. The only testimony of respondents concerning benefit was that of its engineer who stated he was familiar with the proposed district and in his opinion it would "be benefited by the proposed debt for the proposed purpose." There is no reference to appellant's property specifically, and the reasons or facts, if any, supporting the opinion are not set forth. An expert's opinion is no better than the reasons given for it. " 'If his opinion is not based upon facts otherwise proved . . . it cannot rise to the dignity of substantial evidence.' " (*Sears, Roebuck & Co.* v. *Walls,* 178 Cal.App.2d 284, 289 [2 Cal.Rptr. 847].) We conclude that respondents' determination to include appellant's property within the proposed district was not supported by substantial evidence.

The judgment denying the writ of mandate is reversed and the trial court is instructed to enter judgment directing the respondent district to conduct further and proper proceedings in harmony with this court's opinion. (*Fascination, Inc.* v. *Hoover,* 39 Cal.2d 260, 268 [246 P.2d 656].)

Griffin, P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied April 23, 1963.