[Civ. No. 7586.    Fourth Dist.    Jan. 5, 1965.]

LILLIAN E. YAEGER, Plaintiff and Appellant, v. CITY
COUNCIL OF THE CITY OF FULLERTON et al.,
Defendants and Respondents.

Kurilich & Slack, Kurilich, Slack & Ballard and Matthew Kurilich, Jr., for Plaintiff and Appellant.

Stanley B. Christensen, City Attorney, O'Melveny & Myers, Ray H. Lindman, Howard J. Deards and Richard S. Volpert for Defendants and Respondents.

FINLEY, J. pro tem.*—Appeal by plaintiff Yaeger from a judgment for respondents denying plaintiff's petition for an alternative writ of mandate ordering respondents to exclude plaintiff's property from a proposed vehicle-parking district on the ground that said property would not be benefited by inclusion in the district.

Organization of the district was carried out under the provisions of Streets and Highways Code, section 31550 et seq. (Parking District Act of 1943.) The ordinance for this purpose was adopted on May 28, 1963, by the City Council of the City of Fullerton.

The overall validity of the proceedings themselves is not questioned. Both parties agree that the area of disagreement between them is limited to the character of the evidence of benefit to appellant's property produced at the hearings held before respondent city council and the law applicable to this evidence.

Appellant is the owner of four parcels of property in what is described as Block 4 sought by respondent city council to be included in Parking District No. 2 in the Townsite of Fullerton. She maintains that the proposed inclusion of her property in the district cannot in any way benefit the property. In proper time she and other property owners in said Block 4 filed their written protests and objections. After hearings held wherein appellant maintains that respondents failed in carrying the burden of proof as to benefit, her protests and objections were overruled and her petition for exclusion denied. She thereupon filed her petition in the Superior Court of Orange County for an alternative writ of mandate prohibiting the inclusion of her property in the

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

parking district. The petition was denied and this appeal followed.

Both parties discuss the evidence at some length. Appellant takes the position that: "The City Council must find that there will be a *special* benefit to the *specific* property of the appellant to include that property in the District." (Italics added.)

Before considering the evidence in support of a finding, let us first analyze the criterion to be applied to it. Appellant asserts that the burden of proving a special benefit to appellant's property rests upon respondents. ▮ She says that in the absence of properly asserted objections to the inclusion of an owner's property within a special assessment district, the determination of the local legislative body is final and conclusive. (Citing *Irish* v. *Hahn* (1929) 208 Cal. 339, 346 [281 P. 385, 66 A.L.R. 1382].) She claims on the other hand that when such a legislative body is properly advised of a property owner's objection to the inclusion of his land in the special assessment district, it then becomes incumbent upon such body to come up with substantial evidence upon which a conclusion of special benefit to the land can be predicated. (Citing *San Diego Gas & Elec. Co.* v. *Sinclair*, 214 Cal.App.2d 778 [29 Cal.Rptr. 769].)

Respondents cite *Albonico* v. *Madera Irr. Dist.*, 53 Cal.2d 735 [3 Cal.Rptr. 343, 350 P.2d 95], involving an application to exclude property from an irrigation district after the district had been formed. In that case the applicable statutory law provided that after formation of the district the burden of proof rests with the landowner to justify exclusion. Respondents point out that in the *San Diego Gas & Elec. Co.* case, the court is considering subdivision (c) of chapter 20, section 20-16, West's California Water Code Appendix (Deering's Water Code, Act 5243, § 16, subd. (c) [Stats. 1957, ch. 257, § 226, p. 1072]) which specifically requires for inclusion a finding of *benefit* to the property to be included in a special assessment district. Neither of these cases directly applies to the present case for here Streets and Highways Code, sections 31551 and 31556 codify the statutory requirements which differ in wording at least from the statutory provisions involved in both the *San Diego Gas & Elec. Co.* case and *Albonico*. Consequently, neither of these cases provides binding precedent.

▮ The applicable provisions of sections 31551 and 31556 of Streets and Highways Code read as follows:

"Section 31551: At the hearing the legislative body may:

"

"(b) Add to the district land which in its opinion will be benefited.

"(c) Exclude from the district any land described in the ordinance of intention which it finds will *not be benefited* by the doing of the things proposed to be done. [Italics ours.]

"Section 31556: Any land which in the judgment of the legislative body will *not be benefited* shall not be included in the district." [Italics ours.]

Thus, it would seem that the Legislature has provided different criteria in the several special assessment district acts. It may be argued that language specifically requiring a finding of benefit to the property to justify its inclusion is, in effect, the same as language providing for inclusion unless there is a finding of no benefit, for unless there is a finding of no benefit the inference of some benefit would follow.

However valid such an argument may or may not be, the fact remains that the provisions of the Water Code, under consideration in *San Diego Gas & Elec. Co.* v. *Sinclair, supra,* 214 Cal.App.2d 778, do place the burden of supporting a finding of benefit upon the legislative body where objections to the inclusion of property are properly made, for under those provisions *benefit* is made the criterion. In the present case however the converse is true and by the terms of the act *absence of benefit* is made the criterion. ■ It would follow then that the act involved here creates a presumption of benefit, thus placing upon the objecting property owner the initial burden of going forward with the evidence in mitigation of this presumption, for, as stated in 40 California Jurisprudence 2d 401, paragraph 45: "It will be *presumed*, in the absence of evidence to the contrary, from the action of the legislative body in including the lands in the assessment district that the particular property included is benefited." (Citing *Hunt* v. *Manning*, 24 Cal.App. 44 [140 P. 39], and *Swall* v. *County of Los Angeles*, 42 Cal.App. 758 [184 P. 406].) [Italics added.]

■ In *Hunt* v. *Manning, supra,* the court said, pages 48-49: "The act, it is true, does not provide that in determining the boundaries of the assessment district the board of supervisors shall include only property which it is considered will be benefited by the public work, but attention is called to no authority holding that such a provision is essential to the validity of such a statute. As the power to specially tax in the manner proposed by this act can only be exercised upon the theory that benefits will accrue to the property affected

thereby, the *presumption* of good faith and fair action that accompanies the acts of public officers is entitled to be indulged, and it then must be assumed that the board of supervisors properly considered and determined that all of the property included within the established district would receive benefits from the doing of the work.'' [Italics added.]

In *Swall* v. *County of Los Angeles, supra,* 42 Cal.App. 758, 762-763, appears this language: ''The allegation that the property was not benefited by the improvement does not aid the complaint. For the reasons heretofore stated, under the rule laid down in *Hunt* v. *Manning, supra,* it will be *presumed* from the action of the board in including these lands in the district that they determined that all the lands so included would be benefited. And it is well settled that when jurisdiction is given to a board to pass upon the question of benefits, the courts will not disturb their finding, unless there appears a clear and palpable abuse of such discretion. Quoting from *Duncan* v. *Ramish,* 142 Cal. 686 [76 P. 661], we find this expression of the rule: 'It is true that local assessments are said to be imposed on theory that the property adjacent to the improvement receives special benefit therefrom. But this is a matter which is for the determination of the legislative authority of the state, acting through its established agencies for the government of political subdivisions, or directly by the legislature of the state, as that body may see fit. It is enough for the local property owner that he has a right to be heard before the city council upon the question, by filing a petition of remonstrance, in the proceeding prescribed by law, setting forth his reasons why the improvement should not be made.' ''

█ Concerning presumptions, appellant states that: ''The presumptions to be used by courts and quasi judicial bodies in California, are set forth in California Code of Civil Procedure, Sections 1959, 1962, 1963, 'A presumption is a deduction which the law expressly directs to be made from particular facts.' Any such presumptions in California must be printed somewhere in the codes or other statutes because of section 1959.''

But in *People* v. *Agnew,* 16 Cal.2d 655, 663 [107 P.2d 601], we find this language: ''Defendant concedes that there was such a presumption of unlawfulness at common law but calls attention to the fact that there is no statutory presumption on the subject in this state. We deem the last mentioned fact to be immaterial. There were many presumptions known to

the common law. As was said in an early case in this jurisdiction 'One of the favorite and much indulged doctrines of the common law, is the doctrine of presumption.' (*Conger* v. *Weaver*, 6 Cal. 548, 556 [65 Am.Dec. 528].) At an early date, this state adopted the common law as 'the rule of decision in all the courts of this state' in so far as it was not repugnant to the federal Constitution or the Constitution or laws of this state. (Stats. 1850, p. 219; see, also Pol. Code, § 4468; 5 Cal.Jur. 255.)

''When this state adopted the codes, it was declared in section 1962 of the Code of Civil Procedure that certain presumptions 'and no others' are deemed conclusive but no similar provision was embodied in section 1963 of the Code of Civil Procedure defining disputable presumptions. The last mentioned section merely lists numerous presumptions which are 'of that kind.' We find nothing in the codes which purports to abolish those disputable presumptions known to the common law which are not repugnant to the presumptions which are found in our statutes. We are therefore of the opinion that the common law presumptions of unlawfulness in unlawful imprisonment cases still exists in this state regardless of the fact that such presumption is not specifically enumerated among those found in said section 1963.''

In the *Agnew* case, the court also points out that language contrary to the above in *People* v. *Strassman*, 112 Cal. 683 [45 P. 3], is clearly nullified by the decision in *People* v. *Le Doux*, 155 Cal. 535 [102 P. 517].

As appellant points out, the basis for a legal right to impose special assessment district taxes upon property rests upon the theory of special benefit to the specific property to be taxed. This point is admitted by both parties. The only legal point to be determined here is whether the presumption of benefit above referred to, together with supporting evidence in the record, has been sufficiently overcome by appellant's contrary showing to constitute respondents' action in overruling her objections an actionable abuse of discretion.

We do not find that appellant has legally justified her application for the writ. Judgment denying the writ is therefore affirmed.

Griffin, P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied January 29, 1965, and the opinion and judgment were modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied March 3, 1965.