[L. A. No. 4524.   In Bank.—July 25, 1916.]

LA MESA HOMES COMPANY (a Corporation), Appellant, v. LA MESA LEMON GROVE AND SPRING VALLEY IRRIGATION DISTRICT et al., Respondents.

IRRIGATION DISTRICT—MUNICIPALITY INCLUDED WITHIN—ASSESSMENTS—CONSTITUTIONAL LAW.—Under the present provisions of the state constitution, a municipality may be included within the boundaries of an irrigation district, and land within the territory of said municipality assessed for district purposes.

ID.—CONSTITUTIONAL GRANT OF POWER TO MUNICIPALITY TO ACQUIRE WATERWORKS.—Section 19 of article XI of the constitution, as amended in 1911, authorizing a municipality to acquire and operate works for supplying its inhabitants with water, did not destroy or impair the functions or autonomy of a previously existing irrigation district as to the territory of the municipality included within its boundaries.

APPEAL from a judgment of the Superior Court of San Diego County.   T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

L. L. Boone, for Appellant.

Luce & Luce, for Respondents.

MELVIN, J.—The defendants demurred to the complaint in this case and the court sustained the demurrer without

leave to amend.   From the judgment which followed plaintiff appeals.

The plaintiff corporation, according to the averments in the complaint, owns real property within the boundaries of La Mesa, a city of the sixth class, which is situated wholly within the territory of the defendant corporation.   The irrigation district was created under the act of March 31, 1897, and statutes amendatory thereto.   The organization of the municipality antedated the formation of the irrigation district, and it is alleged in the complaint that the city of La Mesa did not consent to the establishment of the said district.   There has never been any contract between the city and the district for the supply of water for said municipality for any purpose, or for the construction of any waterworks within the city or to establish and operate public works for supplying the inhabitants of La Mesa with water.   Plaintiff's property within the city of La Mesa was assessed by the officers of the defendant, and the assessment being unpaid and delinquent, the land was sold and struck off to the district.   Plaintiff prayed judgment for the cancellation of the assessment on the ground that it "was made contrary to the Constitution of the State of California, and in derogation of the powers of municipal corporations under the Constitution of said State to establish and operate public works for supplying its inhabitants with water, and in derogation of the rights of said city to furnish water to inhabitants outside of its boundaries."

The sole question to be determined is whether or not, under the present provisions of the constitution of California, a municipality may be included within the boundaries of an irrigation district, and land within the territory of said municipality assessed for district purposes.

Appellant's contention is that not until the amendment of section 19 of article XI of the constitution in 1911 could a municipality *constitutionally* acquire and operate works for the supplying of water both within and outside of its own territory; but that since said amendment the city's power, under the constitution, transcends any legislative grant of apparent authority to an irrigation district.   It is argued, therefore, that within the city's territory the power of the irrigation district is suspended because two municipal corporations may not, within the same territory, exercise the same authority, jurisdiction, and privileges.

Before the amendment to section 19 of article XI of the constitution that section was as follows:

"In any city where there are no public works owned and controlled by the municipality for supplying the same with water or artificial light, any individual, or any company duly incorporated for such purpose, under and by authority of the laws of this state, shall, under the direction of the superintendent of streets, or other officer in control thereof, and under such general regulations as the municipality may prescribe, for damages and indemnity for damages, have the privilege of using the public streets and thoroughfares thereof, and of laying down pipes and conduits therein, and connections therewith, so far as may be necessary for introducing into and supplying such city and its inhabitants either with gaslight, or other illuminating light, or with fresh water for domestic and all other purposes, upon the condition that the municipal government shall have the right to regulate the charges thereof."

Since the amendment the section has been as follows:

"Any municipal corporation may establish and operate public works for supplying its inhabitants with light, water, power, heat, transportation, telephone service or other means of communication. Such works may be acquired by original construction or by the purchase of existing works, including their franchises, or both. Persons or corporations may establish and operate works for supplying the inhabitants with such services upon such conditions and under such regulations as the municipality may prescribe under its organic law, on condition that the municipal government shall have the right to regulate the charges thereof. A municipal corporation may furnish such services to inhabitants outside its boundaries; *provided,* that it shall not furnish any service to the inhabitants of any other municipality owning or operating works supplying the same service to such inhabitants, without the consent of such other municipality, expressed by ordinance."

Appellant concedes that some cities had the authority to establish and actually had constructed water systems when the section was in its earlier form, but the argument is that they were operating under *legislative* authority only; that their dignity as suppliers of water was no greater than that of irrigation districts which were also creatures of legislative creation;

but that being now vested under the constitution with power to supply water (for irrigation as well as for other purposes) they may not be brought under the dominion of irrigation districts within which their respective territories may be located.

Granting appellant's premise that the constitution now gives to municipal corporations a right to build and operate works for supplying their inhabitants with water which such corporations could previously obtain only by legislative grace through general laws, special statutes, or charter provisions, it does not follow that a municipality such as the city of La Mesa may not be included within the territory of an irrigation district, and its lands assessed for the purpose of carrying out a scheme of irrigation for the benefit of a large number of people, and an area much greater than that within the limits of the city.   There is no essential difference between the power to build waterworks and to supply water given to a city by a statute and that conferred by the constitution, except that in one case the source of the privilege is the legislature and in the other the people themselves bestow it. Therefore the decisions cited by respondent are as apt now as they were before the change in the constitution to which appellant has called our attention.   It has been held that the inclusion of a city or town within the boundaries of such a district as this neither renders the act authorizing the formation of irrigation districts unconstitutional nor invalidates the organization of the district.   (*Board of Directors etc.* v. *Tregea,* 88 Cal. 334, [26 Pac. 237].)   *In re Madera Irrigation District,* 92 Cal. 296, 343, [27 Am. St. Rep. 106, 14 L. R. A. 755, 28 Pac. 272, 675], is authority for the same principle. In the opinion in that case the following language is used: "Neither is it in violation of the constitution to incorporate into such district a town or city that has been incorporated for other municipal purposes.   A system of irrigation contemplated by the act in question cannot be considered as a 'municipal purpose' within the scope of the organization of a city or town, and there can be no conflict between a corporation organized under the act to produce a system of irrigation within the district, and the municipal incorporation of the town of Madera.   A water supply for the two corporations is distinct and for different purposes.   The liability of the inhabitants of the town of Madera for the bonded indebtedness of the Madera Irrigation District, as well as for that of

their own municipality does not impair the validity of the organization of the district.   It is a liability of the same character as rests upon the inhabitants of any town for its proportion of all the indebtedness of the county within which it is situated.''   The same rule has been followed in Idaho. (*Nampa Irr. District* v. *Brose,* 11 Idaho, 474, 485, [83 Pac. 499].)

While there is not a complete analogy between sanitary districts and irrigation districts there are points of similarity which make some authorities applicable to both.   One of these is *Pixley* v. *Saunders,* 168 Cal. 152, 160, [141 Pac. 815, 818], in which it was said that ''in enacting the Sanitary District Acts, the legislature had in mind the sanitation of any territory which might conveniently be served by a single system, whether wholly unincorporated or not, and that a sanitary district formed under said act preserves its identity and retains its powers over the whole territory, except in the event of its complete absorption by a municipality.''   The court was there considering the contention that a municipal corporation, clothed with constitutional ability to pass laws pertaining to public health, may not be subject to the authority of a sanitary district of which it forms a territorial fraction. Yet it was held that the powers and the identity of the district were preserved.   By a parity of reasoning we may say that the functions and the autonomy of the respondent corporation at bar are not destroyed, nor even impaired, by the circumstance that the constitution grants to the city in which appellant's lands are situated, the privilege of building and operating waterworks.

It follows from the foregoing discussion that the judgment must be affirmed, and it is so ordered.

Shaw, J., Sloss, J., Lorigan, J., Henshaw, J., Lawlor, J., and Angellotti, C. J., concurred.