[Civ. No. 10849.   Third Dist.   Nov. 25, 1964.]

CITY OF SACRAMENTO, Plaintiff and Appellant, v. SOUTHGATE RECREATION AND PARK DISTRICT et al., Defendants and Respondents.

Everett M. Glenn, City Attorney, and Joseph E. Coomes, Jr., Assistant City Attorney, for Plaintiff and Appellant.

John B. Heinrich, County Counsel, and J. Francis O'Shea, Assistant County Counsel, for Defendants and Respondents.

VAN DYKE, J.[*]—Appellant city brought mandate in the Superior Court of Sacramento County seeking a peremptory writ to compel the respondent board of directors to withdraw certain land from respondent district. A demurrer to an amended petition was sustained without leave to amend and the city appeals. We shall call appellant "the city" and respondents "the district."

The facts as alleged in the amended petition are as follows: Respondent district is a recreation and park district within the County of Sacramento. It was created pursuant to Public Resources Code sections 5780-5787.4. Respondents Hollis Huston, Jack L. Coleman and Ross L. Hall are the members of the district board of directors. The district comprises 2,500 acres of land.

The city pursuant to legislation appearing in sections 35300-35326 of the Government Code, known as the "Annexation of Uninhabited Territory Act of 1939," annexed a portion of the district's area, consisting of 500 acres of land. Since the date of annexation this area has been a part of the city. After the annexation the city petitioned the governing board of the district to take action for the withdrawal from the district of the annexed portion and to file a change of boundaries notice with the State Board of Equalization. A hearing was held at which testimony and documentary evidence was introduced, and after such hearing the governing board of the district denied the petition. Thereupon the city commenced these proceedings in the superior court seeking to compel the district and the members of its governing board to order the withdrawal and file the notice.

The petition for mandate filed in the superior court con-

---

[*]Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

tained three counts. The first count is based on the theory that withdrawal of the annexed portion of the district occurred by operation of law when the area was annexed. The second count is based on the theory that the governing board of the district abused its discretion in failing to order withdrawal. The third count is based upon the theory that by article XI, section 13, and other provisions of the state Constitution declaring supremacy of cities in ''municipal affairs,'' the district and its governing board are prohibited from performing any municipal services within the annexed portion, notwithstanding which they have wrongfully and illegally asserted the right to do so.

We consider first the count based upon the theory that annexation by the city ipso facto removed the annexed area from the jurisdiction of the district. This contention cannot be sustained.

In *Petition of East Fruitvale Sanitary Dist.*, 158 Cal. 453, 457 [111 P. 368], it was said: ''[I]t is generally held that where one municipal corporation is annexed to another the annexing city takes over the functions of the annexed municipality, and the latter by virtue of the annexation is extinguished and its property, powers, and duties are vested in the corporation of which it has become a part. [Citations.]

''If this be true where one of two municipal corporations having co-extensive powers is annexed to another, the same result must follow *a fortiori* where a public corporation having powers more limited than those of a municipal corporation is annexed to a city which possesses all of the powers of the corporation which has been annexed to it and others in addition.''

In the case before us we take judicial notice that the City of Sacramento, a charter city, does possess all the powers belonging to and which can be exercised by the respondent district and many other powers in addition. It is alleged, and must here be taken as true, that the city maintains a park and recreation system with full ability to furnish park and recreation service to its inhabitants.

But we think this general merger rule just above stated has no application in this case. For here the city has not annexed the entire territory of the district but only a part of it, leaving the district to operate as such at least in the remaining portion outside the city. In such a situation the question as to whether or not the city takes over and

exercises within the annexed area all the functions of the district, or whether on the contrary, the district continues to function and to exercise jurisdiction and control depends upon the intent with which the Legislature enacted the pertinent legislation. In ascertaining this intent all of the applicable legislation, including the city charter, must be considered as a whole. (*City of San Diego* v. *Otay Municipal Water Dist.*, 200 Cal.App.2d 672 [19 Cal.Rptr. 595].)

In *City of San Diego* v. *Otay Municipal Water Dist., supra*, San Diego had annexed a portion of the water district area. The court in a decision, as to which the Supreme Court denied a hearing, said at pages 675-676: ''It is now settled that, absent any constitutional or statutory inhibition, the authority conferred by general law upon a public corporation to act within a prescribed area, does not terminate *per se* upon the annexation of a part of that area by a city possessing similar authority; that the issue presented concerns the intent of the Legislature in the premises; and that the probability of a potential conflict betwen corporations possessing dual authority, of itself, does not establish an intent against its existence. (*Henshaw* v. *Foster*, 176 Cal. 507 [169 P. 82] ; *LaMesa Homes Co.* v. *LaMesa etc. Irr. Dist.*, 173 Cal. 121 [159 P. 593] ; *Pixley* v. *Saunders*, 168 Cal. 152 [141 P. 815].)'' On the authority of these cases we hold that annexation by the city here did not ipso facto withdraw the annexed area from the district's jurisdiction.

▮ Turning now to the third count wherein the city contends that the state Constitution alone entitles it to exclude the district from functioning in the annexed area on the ground that the furnishing of park and recreation facilities and connected services are ''municipal affairs,'' we find the contention answered negatively by decisional law. The Constitution in article XI, section 6, as quoted below, does declare that chartered cities in respect to ''municipal affairs'' are subject solely to the limitations and restrictions contained in their charters. ''. . . Cities . . . under charters . . . are . . . empowered . . . to make and enforce all laws and regulations in respect to municipal affairs, subject only to the restrictions and limitations provided in their several charters, and in respect to other matters they shall be subject to and controlled by general laws . . .'' But it is well settled that ''where the scope of a project transcends the boundaries of a municipality it ceases to be for a municipal purpose.'' (*Santa Barbara etc.*

*Agency* v. *All Persons,* 47 Cal.2d 699 [306 P.2d 875] ; see also *County of Los Angeles* v. *Hunt,* 198 Cal. 753, 774-775 [247 P. 897] ; *Pixley* v. *Saunders,* 168 Cal. 152, 160 [141 P. 815].) Under this rule the purpose and powers of public agencies embracing both incorporated and unincorporated areas within their boundaries do not constitute ''municipal affairs'' within the meaning of these words as used in the Constitution. (*City of Pasadena* v. *Chamberlain,* 204 Cal. 653, 656 [269 P. 630] ; *LaMesa Homes Co.* v. *LaMesa etc. Irr. Dist.,* 173 Cal. 121, 125 [159 P. 593] ; *Wilson* v. *City of San Bernardino,* 186 Cal.App.2d 603 [9 Cal.Rptr. 431].)  ▇▇  We think it clear that the legislative intent was to provide for the organization of park and recreation districts without regard to whether the area to be included is partly within a municipality. Thus section 5781.2 of the Public Resources Code provides : ''Any incorporated or unincorporated territory or any combination thereof may be organized and incorporated into a recreation and park district, if the territory is not included in any other recreation and park district. . . .''

From what has been said it follows that when the city annexed a part of the land lying within the district no merger took place and that absent a withdrawal pursuant to statutory proceedings set up for that purpose the district may and is dutybound to continue to afford park and recreational services and facilities to the annexed area.

▇▇  The second cause of action whereunder the city claims that the district's governing board is under a legal duty to withdraw by reason of its petition, and the proceedings taken by the said board in response thereto, may now be readily answered. The proceedings before the district board were initiated by the city presenting to that board a petition for withdrawal of the annexed area, acting under section 58250 of the Government Code which provides a procedure for withdrawing territory from local districts generally upon annexation of such territory to a city. The section provides that a petition signed by more than 1 per cent of the total number of voters living within the territory to be withdrawn must be filed with the governing board, which thereupon is required to hold a hearing to determine whether the services of the district are being performed by the city in substantially the same manner as they are being provided by the district. If it so determines, then it submits the proposition of withdrawal for the approval of a majority vote of the voters living within

the territory to be withdrawn.[1] In this case such a hearing was held, and the allegation of the petition herein is that after such hearing the board denied petitioner's application for withdrawal. It is further alleged that evidence, both oral and documentary, was submitted to the board at the hearing; that "the greater weight of the substantial evidence submitted to the Board . . . showed that respondents have no actual plans to furnish or provide any recreation or park services in said area and that the action of the Board of Directors in refusing to withdraw said territory was and is an abuse of discretion by the said Board and the members thereof." Such a board is guilty of abuse of discretion only where its findings are not supported by substantial evidence. In *Albonico* v. *Madera Irr. Dist.*, 53 Cal.2d 735, the court said at page 739 [3 Cal. Rptr. 343, 350 P.2d 95] : "[O]n such a review the reviewing court has no power to exercise an independent judgment on the facts. The superior court's power of review in such cases is limited to determining whether there was substantial evidence before the board to support its decision. . . ." Here the petition alleged, in effect, that there was substantial evidence that the district did have plans to provide, and was providing, recreation and park services in the annexed area. There was support for the district board's action, hence the demurrer to the second count was properly sustained.

The judgment is affirmed.

Pierce, P. J., and Friedman, J., concurred.

---

[1]Section 35303 of the Government Code defines an uninhabited territory as one having less than 12 registered voters residing therein.